# United States Court of Appeals
## For the First Circuit

No. 10-1907

UNITED STATES OF AMERICA,

Appellee,

v.

RAYMOND VARGAS-DÁVILA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Selya and Lipez,
Circuit Judges.

Tamara A. Barney, by appointment of the court, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

August 19, 2011

**SELYA**, **Circuit Judge**.  Raymond Vargas-Dávila challenges as substantively unreasonable a sentence imposed in connection with the revocation of a term of supervised release.  After careful consideration, we affirm.

The facts are straightforward.  After the appellant pled guilty to a single count of conspiracy to distribute narcotics, see 21 U.S.C. §§ 841(a)(1), 846, the district court sentenced him to eighty-four months in prison and a four-year term of supervised release.  The appellant began serving his supervised release term on October 6, 2006.

Less than halfway through that term, he violated the conditions of his supervised release.  On January 13, 2009, the district court revoked the grant of supervised release and sentenced him to an additional eleven months in prison, to be followed by a new two-year period of supervised release.  The appellant unsuccessfully appealed this disposition.  United States v. Vargas-Dávila, No. 09-1303 (1st Cir. March 10, 2010) (unpublished judgment).

The appellant served the incarcerative portion of the revocation sentence and began serving his new term of supervised release.  On May 12, 2010, a probation officer notified the district court by motion that the appellant had again violated release conditions.  In this regard, the probation officer noted the appellant's unauthorized departure from Puerto Rico and his

failure to advise the probation department prior to changing his place of residence.

The district court issued an arrest warrant, and the authorities detained the appellant in Chicago, Illinois, on May 14, 2010. Ten days later, the probation officer, in a supplementary filing, alleged that the appellant had committed yet another violation by neglecting to notify the probation department of his earlier May 7, 2010 arrest within the allotted time.

At the revocation hearing, the appellant conceded the violations. He asked that, should his existing term of supervised release be revoked, the court impose a sentence at the bottom of the advisory guideline sentencing range (GSR). The court rejected this entreaty, revoked the period of supervision, and sentenced the appellant to a fresh twenty-four months in prison. In explaining its rationale for eschewing the GSR (five to eleven months), the court noted that the guidelines were merely advisory and, given the appellant's "history of non-compliance," a sentence beyond the GSR was appropriate.

This timely appeal followed. In it, the appellant challenges his sentence as substantively unreasonable. Among other things, he argues that the sentencing court improperly considered certain information while failing to consider relevant sentencing

factors.  We review the sentence for abuse of discretion.[1]  United States v. Santiago-Rivera, 594 F.3d 82, 84 (1st Cir. 2010); United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005).  The touchstone of abuse of discretion review in federal sentencing is reasonableness.  Gall v. United States, 552 U.S. 38, 46 (2007).  In this context, "reasonableness is a protean concept, not an absolute."  United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  Thus, any one of several sentences may be reasonable in a particular case.  Id.  Consequently, we will set aside a sentence only if the district court's determination falls outside the "expansive boundaries" of the entire range of reasonable sentences.  Id.

Typically, the first step in reviewing the reasonableness of a sentence is an evaluation of its procedural orthodoxy.  Gall, 552 U.S. at 51; United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011).  Here, however, the appellant makes no claim that the district court either miscalculated the GSR or otherwise committed a procedural error.  Accordingly, we proceed directly to the substantive reasonableness of the sentence.

An inquiry into the substantive reasonableness of a sentence must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."

---

[1] Of course, a material error of law invariably constitutes an abuse of discretion.  See United States v. Anon. Deft., 629 F.3d 68, 73 (1st Cir. 2010).

<u>Gall</u>, 552 U.S. at 51. We glean the sentencing court's rationale from the transcript of the sentencing hearing, <u>see</u> 18 U.S.C. § 3553(c), the court's written statement of reasons, <u>id.</u> § 3553(c)(2), and an examination of the points argued by the parties (including those memorialized in the presentence investigation report). <u>See</u> <u>Martin</u>, 520 F.3d at 93; <u>United States</u> v. <u>Jiménez-Beltre</u>, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

Congress enacted a specific statute, 18 U.S.C. § 3583(e), to guide a sentencing court in the exercise of its discretion to modify or revoke a term of supervised release. This provision explicitly incorporates by reference some — but not all — of the sentencing factors described in 18 U.S.C. § 3553(a). The enumerated factors include the nature and circumstances of the offense, <u>id.</u> § 3553(a)(1); the history and characteristics of the offender, <u>id.</u>; the need for adequate deterrence, <u>id.</u> § 3553(a)(2)(B); the need to protect the public, <u>id.</u> § 3553(a)(2)(C); and the penological needs of the offender, such as the need for special care or treatment, <u>id.</u> § 3553(a)(2)(D). While the court must consider all of the incorporated section 3553(a) factors, it need not do so mechanically. <u>United States</u> v. <u>Dixon</u>, 449 F.3d 194, 205 (1st Cir. 2006).

In the case at hand, the record makes manifest that the district court sufficiently considered the relevant factors. The hearing transcript reveals that the court assessed the nature and

circumstances of the violations using the probation officer's filings and the appellant's statements. It also examined the appellant's past history of substance abuse. Emphasizing the appellant's record of repeated non-compliance with release conditions, the court found a term of imprisonment justified. This finding implicitly took into account the need to afford adequate deterrence and the need to protect the public from further crimes.

Against this background, the court mulled the GSR (five to eleven months), which was based on a Grade C violation and a criminal history category of three.[2] It concluded that the appellant's checkered record of non-compliance called for a term of immurement significantly beyond that contemplated by the GSR. It settled upon a penalty of twenty-four months.

Given that this was the appellant's second series of supervised release violations, we think that this sentence is well within the universe of reasonable sentences. It is said that past is prologue, William Shakespeare, The Tempest act 2, sc. 1 (1611), and a sentencing court is entitled to give considerable weight to a defendant's failure to abide by the conditions of previous sentences. The length of an increased sentence is necessarily a judgment call and, within wide limits, deference is due to the trier's on-the-spot perceptions. Here, we are confident that the

_____

[2] The appellant does not dispute the accuracy of this taxonomy.

lower court appropriately tailored the twenty-four month sentence to reflect both the past behavior of the offender and the other realities of the situation.

Contrary to the appellant's protestations, the sentence imposed does not offend section 3583(e)(3). The appellant's underlying criminal conviction was for a Class B felony. See 18 U.S.C. § 3559(a)(2). Thus, section 3583(e)(3) permitted the sentencing court to impose a prison sentence of up to three years. See United States v. Eirby, 515 F.3d 31, 36 (1st Cir. 2008). The sentence actually imposed was comfortably below this maximum.

The appellant also contends that his sentence is unreasonable because the district court improperly considered the government's statement at the revocation hearing that he had "demonstrate[d] a lack of respect for the Court's order[s]." Relatedly, he calumnizes the court's observation that he had a "history of non-compliance with the supervised release conditions." In his view, these points are off-limits because they substantially overlap with section 3553(a)(2)(A)'s instruction "to promote respect for the law" — an instruction not incorporated into the compendium of factors specifically incorporated by reference in section 3583(e).

This argument is unavailing. Although section 3583(e)(3) incorporates by reference, and thus encourages, consideration of certain enumerated subsections of section 3553(a), it does not

forbid consideration of other pertinent section 3553(a) factors. See United States v. Williams, 443 F.3d 35, 47 (2d Cir. 2006). Moreover, one of the incorporated provisions — the command that a sentencing court must consider the need "to afford adequate deterrence," 18 U.S.C. § 3553(a)(2)(B) — leads inexorably to the conclusion that a sentencing court properly may consider a defendant's history of non-compliance with conditions of supervised release. See Williams, 443 F.3d at 48.

In a last-ditch argument, the appellant relies on United States v. Franquiz-Ortiz, 607 F.3d 280 (1st Cir. 2010) (per curiam). This reliance is mislaid. There, we vacated a sentence because the scant record provided no explanation for the district court's decision to impose the maximum sentence permitted. Id. at 282. Here, by contrast, the record satisfactorily reveals the basis for the sentence imposed and the court sufficiently explained its sentencing rationale.

We need go no further. "Sentencing under an advisory guidelines regime is more art than science." United States v. Anon. Deft., 629 F.3d 68, 78 (1st Cir. 2010). In this instance, the district court used its superior coign of vantage, its familiarity with the appellant's case, and its experience in sentencing to arrive at a sentence within the universe of acceptable outcomes. Grounding its sentencing determination in the totality of the circumstances at hand, the court articulated a

plausible rationale and arrived at a sensible result.  No more is exigible.  <u>See</u>, <u>e.g.</u>, <u>id.</u>; <u>United States</u> v. <u>Carrasco-De-Jesús</u>, 589 F.3d 22, 30 (1st Cir. 2009).

**<u>Affirmed</u>**.