# United States Court of Appeals
## For the First Circuit

———————————————

No. 10-2487

UNITED STATES OF AMERICA,

Appellee,

v.

JOSEPH LOZADA-APONTE,

Defendant-Appellant.

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. José A. Fusté, U.S. District Judge]

———————————————

Before
Boudin, Hawkins,[*] and Dyk,[**]
Circuit Judges.

———————————————

Hector L. Ramos-Vega, Assistant Federal Public Defender, with whom Hector E. Guzman, Jr., Federal Public Defender, was on brief for Appellant.
Brian K. Kidd, Assistant United States Attorney. Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Chief, Appellate Section, United States Attorney's Office, and Luke Cass, Assistant United States Attorney, were on brief for Appellee.

———————————————

[*] Of the Ninth Circuit, sitting by designation.

[**] Of the Federal Circuit, sitting by designation.

_____

August 24, 2012

_____

**HAWKINS, <u>Circuit Judge</u>.**  Joseph Lozada-Aponte ("Lozada")
appeals the 46-month sentence imposed following his guilty-plea
conviction for being a felon in possession of a firearm, in
violation of 18 U.S.C. § 922(g) in connection with his shipping an
assault rifle and pistol from Florida to Puerto Rico.  We have
jurisdiction under 28 U.S.C. § 1291 and, applying this court's
deferential abuse-of-discretion standard of review,[1] affirm.

## I.    Upward Departure for Underrepresentation of Criminal History

In calculating the appropriate guideline sentencing
range, the district court applied a two-category upward departure
under U.S.S.G. § 4A1.3(a)(1), moving Lozada from criminal history
Category I to Category III.  Central to the district court's
decision to depart upward were Lozada's three prior convictions,
including a 1988 conviction for attempted murder and armed violence
that resulted in a six-year prison sentence, and his long string of

---

[1]  The reasonableness of a sentence is reviewed "'under a
deferential abuse-of-discretion standard.'" <u>United States</u> v.
<u>Battle</u>, 637 F.3d 44, 50 (1st Cir. 2011) (quoting <u>Gall</u> v. <u>United
States</u>, 552 U.S. 38, 41 (2007)).

arrests and criminal charges in multiple jurisdictions since.[2] Although the age of the three prior convictions resulted in zero criminal history points under the default Sentencing Guidelines formula, district courts have discretion to depart upward if reliable information shows that a criminal history level substantially underrepresents the seriousness of a defendant's criminal history or the likelihood that he would commit other crimes in the future. U.S.S.G. § 4A1.3(a)(1).

While "a mere arrest, especially a lone arrest, is not evidence that the person arrested actually committed any criminal conduct," we have previously suggested that an upward departure from the guideline range may be appropriate for "a series of past

---

[2] In addition to noting the three prior criminal convictions, the district court observed that "[Lozada's prior arrests] show a pattern of human before me that for the past 20 years has been involved in firearms illegally," clearly referencing the arrest record detailed in the presentence report ("PSR"). The PSR lists 1980s convictions for criminal damage to property, theft, and attempted murder, and a series of arrests (usually nolle prosequied or dismissed with leave to reinstate) for unlawful use of a weapon; disorderly conduct; battery and aggravated assault; unlawful use of a firearm by a felon, carry/possess firearm, and carry/possess firearm in public; two more aggravated assault charges; and stalking. A separate charge for attempted murder and weapons offenses in 1999 resulted in a trial and acquittal.

arrests" which "might legitimately suggest a pattern of unlawful behavior even in the absence of any convictions." United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006). We see no reason why a series of arrests could not also be considered as a basis for departure due to underrepresentation of criminal history.

Here, Lozada's frequent run-ins with law enforcement in Florida, Illinois, and Puerto Rico, some of which apparently involved firearms, were adequately suggestive of unlawful misbehavior for the district court to determine that his 1988 conviction for a serious and violent crime should be viewed not as a thing of the past but as indicative of a penchant for dangerous criminality not typically associated with a Category I criminal history. An upward departure was therefore reasonable.

## II. Gun Violence in Puerto Rico and the Nature of the Weapons at Issue

Unlike in United States v. Wallace, 461 F.3d 15, 42-43 (1st Cir. 2006), the district court here, considering the entirety of the sentencing colloquy, offered an adequate explanation why the departure should be by two categories rather than one, noting the

serious and violent nature of the 1988 conviction, the lengthy sentence that followed, and the series of arrests that led right up to shortly before the instant offense. In explaining the two-category departure, the district judge mentioned as well the nature of the weapons and the incidence of crime in Puerto Rico; and although both are permissible considerations in varying from the guidelines, neither, strictly speaking, reflects understated criminal history.[3] But the trial judge was pretty clearly using the extent of departure as a loose way of identifying the range in which he proposed to sentence the defendant after considering all of the factors; and a remand to frame the matter using the rhetoric of the guidelines would not alter the resulting sentence.

As for the choice of how far to enhance the sentence, we explained in United States v. Politano, 522 F.3d 69, 74 (1st Cir. 2008), that "post-[United States v. Booker, 543 U.S. 220 (2005)],

---

[3] See United States v. Gallardo-Ortiz, 666 F.3d 808, 815-16 (1st Cir. 2012) (affirming upward departure from guidelines sentence resting in part on the high-power nature of the firearm); United States v. Landry, 631 F.3d 597, 607 (1st Cir. 2011) (affirming high-end-of-guidelines-range sentence resting in part on a finding that identity fraud is a growing problem in Maine).

it is now apparent that the district court has the discretion to take into account all of the circumstances under which [the defendant] committed the offense, including the particular community in which the offense arose."

## III. Consideration of Mitigating Factors

Nor did the district court fail to balance the relevant 18 U.S.C. § 3553(a) mitigating factors, such as Lozada's stable family life. Though we require consideration of the § 3553(a) factors, we do not require an express weighing of mitigating and aggravating factors or that each factor be individually mentioned. See United States v. Arango, 508 F.3d 34, 46 (1st Cir. 2007). The potentially mitigating factors Lozada identifies on appeal were thoroughly discussed in the presentence report; that the district court did not explicitly mention them during the sentencing hearing suggests they were unconvincing, not ignored. See United States v. Martins, 413 F.3d 139, 154 (1st Cir. 2005) ("Nearly all the factors to which the [defendant-appellant] alludes were limned in the presentence investigation report, yet the district court chose not to speak to them at sentencing. The inference is that the court

was unimpressed.").

**CONCLUSION**

For the foregoing reasons, the district court's sentence was reasonable and is affirmed.