**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 11-2331

UNITED STATES,

Appellee,

v.

LAURIE BOHAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr. Senior U.S. District Judge]

Before

Torruella, Boudin and Thompson,
Circuit Judges.

Laurie Bohan on brief pro se.
Seth R. Aframe, Assistant United States Attorney and John P.
Kacavas, United States Attorney, on brief for appellee.

August 29, 2012

**Per Curiam**.  Defendant-appellant Laurie Bohan appeals from the eighteen-month, above-guideline sentence imposed following revocation of supervised release.  She raises two legal challenges to the procedure followed by the sentencing court: 1) that the court impermissibly considered "the seriousness of the offense," a factor set forth in 18 U.S.C. §3553(a)(2)(A), in violation of §3583(e); and 2) that the court failed to adequately take into consideration the need to avoid unwarranted sentencing disparities between similarly-situated defendants, i.e., those convicted of crack offenses committed before the Fair Sentencing Act (FSA) took effect and those convicted after the FSA took effect.  We review the sentence for abuse of discretion. United States v. Vargas-Davila, 649 F.3d 129, 130 (1st Cir. 2011).

### I. Consideration of § 3553(a)(2)(A) Factors

Appellant argues that the sentencing court impermissibly considered § 3553(a)(2)(A) factors, including the need for the sentence imposed to "reflect the seriousness of the offense" and to "provide just punishment for the offense."  This argument is unavailing in light of our recent holding that "[a]lthough section 3583(e)(3) incorporates by reference, and thus encourages consideration of certain enumerated subsections of section 3553(a), it does not forbid consideration of other pertinent section 3553(a) factors." Vargas-Davila, 649 F.3d at 132. See also United States v. Young, 634 F.3d 233, 239 (3d Cir. 2011) ("joining the Court of

-2-

Appeals for the Second and Sixth Circuits in holding that a district court does not commit procedural error in taking into account the § 3553(a)(2)(A) factors when imposing a sentence for the violation of supervised release"); United States v. Lewis, 498 F.3d 393, 399-400 (6th Cir. 2007); United States v. Williams, 443 F.3d 35, 48 (2d Cir. 2006); but see United States v. Miller, 634 F.3d 841, 844 (5th Cir. 2011)(agreeing with the Fourth and Ninth Circuits that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term").[1]

The record fails to support Bohan's contention that the sentencing court, in adopting the Probation Officer's recommended 18-month sentence, violated the Guidelines Policy Statement that the sentence imposed upon revocation should sanction the defendant's breach of trust rather than impose punishment for new criminal conduct that led to the revocation. See U.S.S.G. Ch. 7, Pt.A(3)(b). Neither the Revocation Report nor the sentencing court stated that an 18-month sentence was required to punish Bohan for her new criminal conduct. Instead, the Probation Office, in requesting a "punitive sanction," emphasized her repeated violations of supervised release, her "contempt for court orders,"

---

[1]Because we reject appellant's argument that it was improper for the court to rely on § 3553(a)(2)(A) factors, we need not reach the government's contention that sentence was imposed pursuant to § 3583(g) and, therefore, that any limitations on factors that can be considered under § 3583(e) do not apply.

and her "chronically poor community supervision adjustment."  And the court in imposing sentence, emphasized the multiple opportunities the Probation Office had given her to address her substance abuse issue, and her failure take advantage of those opportunities and to accept responsibility for her actions.  Those reasons fall within the Guidelines "breach of trust"  approach, which permits consideration of "the nature of the conduct leading to the revocation . . . in measuring the extent of the breach of trust," and imposition of a sentence "intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision." U.S.S.G. Ch. 7, Pt.A (3)(b), intro.comment.

## II.  Consideration of Sentencing Disparities

Appellant argues that the sentence was procedurally unreasonable because the court failed to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), when it continued to treat her conviction as a Class B felony at the time of revocation, rather than a Class C felony, as it would have been under the FSA.

When this argument was presented at sentencing, the court noted that "any changes [in the law] are not applicable."  That is consistent with this court's holding that the FSA "does not apply to individuals who were sentenced before the FSA was signed into law on August 3, 2010." United States v. Curet, 670 F.3d 296, 308

(1st Cir. 2012). However, the court also stated that the changes in the law "can certainly be considered." Appellant's claim that the court failed to consider the changes in the law (and the resulting disparities in the maximum sentences under § 3583(e) for defendants originally sentenced before the FSA was enacted and those sentenced after its enactment), is based on the court's failure to expressly mention that factor in imposing sentence.

"While the court must consider all of the incorporated section 3553(a) factors, it need not do so mechanically." Vargas-Davila, 649 F.3d at 131. The district court listed three factors in explaining its sentence. Its failure to mention the others does not establish that the court failed to consider the other § 3553(a) factors cross-referenced by § 3583(e). "A judge need not mention every § 3553(a) factor nor intone any particular magic words. And certainly a judge need not give each factor equal billing." United States v. Denson, ___ F.3d ___, 2012 WL 3125111, *6 (1st Cir. Aug. 2, 2012). See United States v. Butler-Acevedo, 656 F.3d 97, 101 (1st Cir. 2011)(rejecting argument that court failed to consider potential sentencing disparities although "the court may not have specifically referenced this factor directly").

The court stated that it had considered the applicable § 3553(a) factors, which statement "'is entitled to some weight.'" United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011). Appellant based its disparity argument to the court on the fact

-5-

that under the FSA, the statutory maximum sentence under § 3583(e) would have been lower.  The court imposed a sentence below the statutory maximum.  Its choice not to emphasize the disparity factor "'is not a basis for a founded claim of sentencing error.'" United States v. Rodriguez, 525 F.3d 85, 110 (1st Cir. 2008).

Affirmed. See 1st Cir. R. 27.0(c).