**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-2397

UNITED STATES OF AMERICA,

Appellee,

v.

JASON CRUZ-FERNÁNDEZ, a/k/a "El Terrible,"

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Thompson, Selya, and Kayatta,
Circuit Judges.

José Olmo-Rodríguez on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Tiffany V. Monrose, Assistant United States Attorney, on brief for appellee.

April 7, 2015

**THOMPSON, Circuit Judge**.  Jason Cruz-Fernández is a serial supervised-release violator.  Back in 2002 he pled guilty to conspiring to possess and distribute at least 5 kilograms of cocaine, see 21 U.S.C. §§ 841(a)(1) and 846 — a class A felony, see United States v. Eirby, 515 F.3d 31, 36 (1st Cir. 2008).  The conspiracy ran from July 1998 to September 2000, by the way.  And the judge sentenced him to 70 months in prison followed by 5 years of supervised release.

Cruz-Fernández served his jail time but got caught in 2010 violating his supervised-release conditions in the following ways — failing to report to his probation officer, failing to follow the officer's instructions, and failing to notify the officer of a change of address.  The judge revoked Cruz-Fernández's supervised release in 2011 and sentenced him to 6 months in prison plus 3 years of supervised release, warning him that if he did not straighten up, the next time he appeared in court he could get hit with the maximum authorized term of imprisonment.

Again Cruz-Fernández served his jail time.  And again he violated several supervised-release conditions, this time by having illegal drugs, failing to make full financial disclosure to his probation officer, and missing appointments with the officer — all in 2013.  The judge held a hearing (also in 2013) and heard testimony from a probation officer about how Cruz-Fernández had flunked drug tests; how the officer had seen him driving luxury

cars (mostly Mercedes-Benzes) without providing financial documents to explain why he had those autos; and how law-enforcement agents sent to search his apartment had found a bag with 24.8 grams of cocaine (they saw someone drop it from his bedroom window) as well as 100 small plastic baggies (discovered in his bedroom). The judge also had before him an affidavit from the probation officer chronicling Cruz-Fernández's missed appointments with probation.

The judge, the prosecutor, and the probation officer agreed that 54 months was the maximum statutory prison term for Cruz-Fernández's latest supervised-release infractions — and Cruz-Fernández's lawyer never quibbled with that number. Anyway, we infer from the record that the 54-month figure came about this way: A judge can reimprison a defendant for violating supervised-release conditions. See 18 U.S.C. § 3583(e)(3). But Congress has put caps on any new term, with the maximum possible sentence turning on the seriousness of the original offense of conviction. See id. Cruz-Fernández's original drug offense is a class A felony, meaning a 5-year maximum reimprisonment cap applied. See id. The judge concluded that the 5 years was an aggregate cap — i.e., that all the prison time imposed for the supervised-release violations counted toward the cap.[1] And because Cruz-

_____

[1] From that we infer that the judge used the version of section 3583(e)(3) in vogue when Cruz-Fernández did his drug crime. See United States v. Tapia-Escalera, 356 F.3d 181, 185-88 (1st Cir. 2004) (dealing with a pre-2003 version of section 3583(e)(3) and holding that the cap applies to the aggregate of all the jail time

Fernández had already served 6 months for his 2010 supervised-release infractions, he could now be sentenced up to 54 months in prison: 60 months (the 5-year cap in months) - 6 months = 54 months. Neither side questions the judge's treating the 5-year cap as an aggregate cap, so we say no more about it.

Moving on, the judge found (among other things) that Cruz-Fernández had possessed cocaine — an express basis for revocation of supervised release. See id. § 3583(g)(1). The cocaine and baggies pointed toward drug distribution, the judge noted, though he added later that possession was enough to trigger revocation and resentencing under section 3583(g). Next the judge concluded — and defense counsel did not contest — that the guidelines' policy statements on supervised-release violations recommended a 4-10 month range of imprisonment. See USSG § 7B1.4(a) (revocation table). Defense counsel made a plea for leniency, contending, first, that Cruz-Fernández's drug addiction flared up after his "grandmother passed away" and he "injured his knee"; and second, that had he been convicted of possessing 24.8 grams of cocaine, his guidelines range would be "10 to 16 months." Defense counsel thought a 10-month sentence would be enough.

But the judge was unmoved. "[D]rugs," the judge said, are causing Cruz-Fernández to violate "the law" and his drug-

_____

served for supervised-release violations — but noting that a 2003 amendment jettisoned the aggregation concept, so that the cap applies "afresh" for each new revocation situation).

-4-

related supervised-release conditions. And given his other difficulties with supervised release (including his not giving probation financial info concerning the cars as required), the judged handed out a 48-month sentence for purposes of retribution and deterrence. The judge also tacked 6 months of supervised release onto the sentence.

Targeting only the prison portion of his sentence, Cruz-Fernández first argues here that the 48-month term constitutes cruel and unusual punishment. See U.S. Const. amend. VIII. But he does not adequately develop the claim. Decisional law on how the Constitution's cruel-and-unusual-punishment clause works in noncapital cases is quite complicated. See, e.g., Graham v. Florida, 560 U.S. 48, 86-87 (2010) (Roberts, C.J., concurring in the judgment). At the risk of oversimplification, the clause covers "a narrow proportionality principle" that "forbids only extreme sentences that are grossly disproportionate" to the underlying "crime." Harmelin v. Michigan, 501 U.S. 957, 997, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment); see Graham, 560 U.S. at 59-60 (calling Justice Kennedy's Harmelin concurrence the "controlling opinion"); see also United States v. Raymond, 697 F.3d 32, 40-41 (1st Cir. 2012). Yet Cruz-Fernández never cites — let alone applies — this all-important

standard, which is hardly the way to deal with a complex issue.[2] See Tayaq v. Lahey Clinic Hosp., Inc., 632 F.3d 788, 792 (1st Cir. 2011); see also Rodríguez-Machado v. Shinseki, 700 F.3d 48, 49 (1st Cir. 2012) (per curiam). Needless to say, the argument is waived. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

A criminal sentence must be substantively reasonable, of course. See, e.g., United States v. Vargas-Dávila, 649 F.3d 129, 130-31 (1st Cir. 2011). Read generously, Cruz-Fernández makes two arguments in his brief that feel like substantive-reasonableness claims. But reviewing for abuse of discretion (because he floated similar arguments below), see id. at 130, we see no reason to reverse.

First up is Cruz-Fernández's suggestion that if the judge had sentenced him simply for possessing 24.8 grams of cocaine, he would have had a "10-16 months" guidelines range — which, he hints, would have kept the judge from handing out a 48-month term. Cruz-Fernández could only have gotten that range, though, by using the drug-quantity table in section 2D1.1 of the guidelines. But he never explains how or why that table has any relevance in a revocation-of-supervised-release case, particularly since the judge had to (and did) consider — but need not have followed — the

_____

[2] Cruz-Fernández cites one case, United States v. Booker, 543 U.S. 220 (2005), which is not an Eighth Amendment case.

-6-

revocation table in section 7B1.4.  See United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005).  So this argument is waived too. See, e.g., Zannino, 895 F.2d at 17.

As a fallback, Cruz-Fernández protests that he should have gotten a lighter sentence because he turned back to drugs only after "his grandmother died and he hurt his leg."  But defense counsel made that pitch at the revocation hearing.  And the judge still decided that Cruz-Fernández's record as a recidivist supervised-release violator and drug-law offender called for a 48-month reimprisonment sentence.  See Vargas-Dávila, 649 F.3d at 131 (discussing the relevant factors a judge must consider in this context — including not only the offender's characteristics but also deterrence and societal-protective needs).  Yes, the sentence is tough — it is well above the 4-10 month range suggested by section 7B1.4, though below the 5-year statutory maximum.  But tough is not a synonym for unreasonable.  See, e.g., United States v. Flores-Machicote, 706 F.3d 16, 25 (1st Cir. 2013); United States v. Vargas, 560 F.3d 45, 51 (1st Cir. 2009).  And sure, maybe a different judge might have given him a different sentence.  But what matters is whether our judge's rationale was "plausible" and whether the sentence falls "within the expansive universe" of acceptable outcomes.  United States v. King, 741 F.3d 305, 308 (1st Cir. 2014).  Measured against that standard, the judge's sentence passes muster.  See United States v. Del Valle-Rodríguez, 761 F.3d

171, 177 (1st Cir.) (stressing that "there is no perfect sentence"), <u>cert. denied</u>, 135 S. Ct. 293 (2014).

**<u>Affirmed</u>**.