**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 19-1814

UNITED STATES OF AMERICA,

Appellee,

v.

JEAN CARLOS MEDINA-FLORES, a/k/a Yankee,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

---

Before[*]
Lynch and Barron,
Circuit Judges.

---

Rafael F. Castro Lang on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, Francisco A. Besosa-Martinez, Assistant United States Attorney, on brief for appellee.

---

February 9, 2022

---

[*] While this case was submitted to a panel that included Judge Boudin, he did not participate in the issuance of the panel's decision. The remaining two panelists therefore issued the decision pursuant to 28 U.S.C. § 46(d).

**Per Curiam**.  On March 20, 2017, Jean Carlos Medina-Flores walked into a gas station with a loaded firearm.  A security guard, noticing the weapon, asked if Medina-Flores had a license to carry the gun.  Medina-Flores said no.  After a brief struggle, he was arrested and the gun was seized.  He also tested positive for marijuana.  At the time of his arrest, Medina-Flores was less than one year into a ten-year term of supervised release, and his probation officer notified the court of three violations to his supervised release conditions:  committing the crime of possessing a firearm as a felon and violating two controlled-substance-related provisions.

Medina-Flores admitted to the violations and separately pleaded guilty to a felon in possession charge.  The United States Sentencing Guidelines yielded a recommendation that the court should revoke Medina-Flores' release and impose an 8-14 month prison term for his violations, U.S.S.G. §7B1.4(a), but the sentencing judge revoked his release and sentenced him to 28 months

in prison and a term of supervised release.[1]  Medina-Flores appeals that sentence.[2]

A sentencing court's decision to modify or revoke a term of supervised release "should focus on punishing the 'breach of trust' that the violation represents, 'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'"  United States v. Vixamar, 679 F.3d 22, 32 (1st Cir. 2012) (quoting U.S.S.G. ch. 7, pt. A, intro. cmt. 3(b)).  18 U.S.C. § 3583(e) instructs a sentencing court to modify or revoke a term of supervised release according to enumerated factors, including:

> the nature and circumstances of the offense; the history and characteristics of the offender; the need for adequate deterrence; the need to protect the public; and the penological needs of the offender, such as the need for special care or treatment.  While the court must consider all of the incorporated section 3553(a) factors, it need not do so mechanically.

---

[1]  The appellant asserts in his briefing to us that he received a supervised release term of 5 months at his revocation hearing.  To support that assertion, he cites to the entry on the "Judgment in a Criminal Case" which provides for a supervised release term of "Five (5) months."  The government's briefing in this case does not mention the term of supervised release.  However, the transcript of the revocation hearing indicates that the sentencing court imposed a supervised release term of five years and the entry on the docket that links to the document titled "Judgment in a Criminal Case" states that the term of supervised release is five years.

[2]  This is an appeal after remand.  See United States v. Medina-Flores, No. 17-1820 (unpub. judgment 4/24/19).

United States v. Vargas-Davila, 649 F.3d 129, 131 (1st Cir. 2011) (internal citations omitted).

Medina-Flores argues the court improperly considered the seriousness of the offense, a § 3553(a) factor that is not incorporated into § 3583(e).  In this circuit, however, courts may consider non-incorporated § 3553(a) factors if pertinent.  Id. at 132; see also United States v. Tanco-Pizarro, 892 F.3d 472, 480-81 (1st Cir. 2018).

Next, Medina-Flores contends that the sentencing court failed to take into account that he was already being punished for the felon-in-possession charge through a separate case and that that failure amounts to reversible error.  But the judge explicitly recognized that Medina-Flores had pleaded guilty to possessing a weapon as a felon and was awaiting a sentence on that count from a different court.

Similarly, Medina-Flores argues that his sentence was not aimed at punishing his breach of trust but rather penalizing him for the underlying conduct.[3]  "We glean the sentencing court's rationale from the transcript of the sentencing hearing, see 18 U.S.C. § 3553(c), the court's written statement of reasons, id. § 3553(c)(2), and an examination of the points argued by the parties

---

[3] Medina-Flores relies on Dean v. United States, 137 S.Ct. 1170, 1175 (2017) to argue that his sentence should be no greater than necessary to punish his breach of trust.  Although Dean is inapposite, we address his broader argument.

- 4 -

(including those memorialized in the presentence investigation report)[,]" Vargas-Davila, 649 F.3d at 130, and those sources belie Medina-Flores' claim. The court specifically noted that the violations represented Medina-Flores' third gun-related conviction, that the firearm in question had been reported stolen, and that he also had tested positive for a controlled substance. Additionally, prior to pronouncing its sentence, the court heard a substantial discussion regarding Medina-Flores' two previous arrests while on bond. The nature of Medina-Flores' breach and his history, see Vixamar, 679 F.3d at 32 n.7, shows that the court imposed a sentence that was not greater than necessary to address Medina-Flores' violations.

Although Medina-Flores disagrees, the sentencing court's explanation, which considered the factors required by § 3583(e) and weighed them appropriately, also served to justify the court's upward variance from the guideline sentencing range. See United States v. Sayer, 916 F.3d 32, 38 (1st Cir. 2019). And to the extent Medina-Flores argues that the sentence was substantively unreasonable, that contention also fails: given Medina-Flores' history of weapons-related crimes, the court fashioned a sentence that was "well within the universe of reasonable sentences." Vargas-Davila, 649 F.3d at 131.

Finally, Medina-Flores takes issue with the court's treatment of his positive drug test, asserting that the court

impermissibly relied on it to increase his sentence when the terms of his supervised release only permitted the judge to direct him to complete a drug treatment program after his first positive drug test. However, nothing in the supervised release terms indicates the drug treatment was an exclusive punishment. Even if Medina-Flores' reading of the special condition were correct, the sentencing court still had the obligation to measure the "extent of the breach of trust" committed in evaluating whether to modify or revoke a term of supervised release, United States v. Bohan, 496 F. App'x 95, 96-97 (1st Cir. 2012) (quoting U.S.S.G. ch. 7, pt. A, intro. cmt. 3(b)), rather than weighing each violation piecemeal. Therefore, even assuming Medina-Flores' special condition states that a sole positive marijuana test should be handled only by drug treatment, that violation in combination with others represents a wider breach that falls outside the condition's instruction.

Medina-Flores' sentence is affirmed, but because Medina-Flores' counsel complains that the statement of reasons was not provided, the case is remanded to provide counsel with access to the statement of reasons. See generally United States v. Morales-Negron, 974 F.3d 63 (1st Cir. 2020).

It is so ordered.