# United States Court of Appeals
## For the First Circuit

No. 23-1066

UNITED STATES OF AMERICA,

Appellee,

v.

MISAEL M. RIVERA-GERENA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Barron, Chief Judge,
Selya and Montecalvo, Circuit Judges.

Francisco Diez-Perez on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gabriella S. Paglieri, Assistant United States Attorney, on brief for appellee.

August 14, 2024

**SELYA**, **Circuit Judge**.   Defendant-appellant Misael M. Rivera-Gerena challenges his downwardly variant sentence.   He contends that it is both procedurally flawed and substantively unreasonable because, inter alia, the district court failed adequately to evaluate and balance the relevant 18 U.S.C. § 3553(a) sentencing factors.   Concluding, as we do, that the appellant's sentence is free of procedural error and substantively reasonable, we affirm.

**I**

We briefly rehearse the relevant facts and travel of the case.   "Where, as here, a sentencing appeal follows a guilty plea, we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the record of the disposition hearing." United States v. Vargas, 560 F.3d 45, 47 (1st Cir. 2009).

On September 1, 2019, the appellant was one of two persons aboard a vessel in waters of the United States when members of the Coast Guard seized fifty-two packages.   Those packages proved to contain substances that tested positive for amphetamine and cocaine.   Federal agents later located an additional 448 bricks of cocaine on board the vessel.

The appellant's arrest and indictment followed.   On September 14, 2022, the appellant pleaded guilty in the United States District Court for the District of Puerto Rico to one count

of conspiracy to possess with intent to distribute at least 150 kilograms but less than 450 kilograms of cocaine on board a vessel subject to the jurisdiction of the United States. See 46 U.S.C. §§ 70502(c)(1), 70503(a)(1), 70506. The district court accepted the plea and ordered the preparation of a PSI Report.

After the probation office prepared the PSI Report and shared it with the parties, the district court convened the disposition hearing on December 14, 2022. Following the PSI Report's recommendation, the court set a guideline sentencing range (GSR) of 262 to 327 months.[1] Neither side objected to this calculation, and the district court accepted it.

The statute of conviction carried a mandatory minimum sentence of 120 months in prison. See 46 U.S.C. §§ 70503(a), 70506(a); 21 U.S.C. § 960(b)(1)(B). At the disposition hearing, the government recommended an incarcerative sentence of 135 months. The appellant countered by requesting that the court impose the mandatory minimum sentence: 120 months. In support, he asserted that he had "accepted responsibility since day one," that he had tried to exhibit "exemplary" behavior while on bond,

---

[1] This GSR was higher than the GSR forecast in the parties' plea agreement. One reason for this discrepancy was that the PSI Report based its calculation on the actual amount of cocaine seized from the vessel (548.1 kilograms) rather than the amount mentioned in the plea agreement (at least 150 but less than 450 kilograms). This difference does not affect our analysis because the appellant does not dispute the district court's selection of the GSR.

and that his prior criminal convictions were either remote in time or for minor violations. He also expressed remorse for his conduct.

In pronouncing sentence, the district court stated that it had considered the plea agreement and the 18 U.S.C. § 3553(a) sentencing factors, including "the need to promote respect for the law and protect the public from further crimes of the [d]efendant as well as [to] address the issues of deterrence and punishment." The court acknowledged, among other things, that the appellant had two dependents; that he suffered from scoliosis and bouts of sadness and anxiety; that he had a history of using marijuana, fentanyl, oxycodone, and buprenorphine, including multiple positive drug tests during his time under pretrial supervision; and that the offense of conviction was the appellant's "12th known arrest and ninth conviction."

When all was said and done, the district court stated that it would "exercise leniency" and agreed with the parties that a downward variance from the GSR of 262 to 327 months was appropriate. Even so, it emphasized that the appellant "pled guilty to an offense involving multiple, multiple kilograms of narcotics" and noted the need to "avoid unwarranted sentencing disparities" between the appellant — who had "a criminal history involving narcotics" — and the appellant's co-defendant — who had no criminal history and received a sentence of 135 months after

pleading guilty to the same offense. Reasoning that a sentence that was beneath the bottom of the GSR but "slightly higher . . . than that recommended by the parties" would be "just and not greater than necessary," the district court imposed a 147-month term of immurement.

This timely appeal ensued.

**II**

The appellant argues that his sentence was both procedurally flawed and substantively unreasonable. Each of these arguments depend on his assertion that the district court did not adequately evaluate the 18 U.S.C. § 3553(a) factors in fashioning his sentence. This assertion gains the appellant no traction.

We begin with the basics. In a typical sentencing appeal, "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). When making these determinations, preserved claims of sentencing error are reviewed for abuse of discretion. See United States v. Leach, 89 F.4th 189, 195 (1st Cir. 2023). But when a claim has not been preserved in the district court, our review is only for plain error. See id.

"The touchstone of abuse of discretion review in federal sentencing is reasonableness." United States v. Vargas-Dávila, 649 F.3d 129, 130 (1st Cir. 2011). In reviewing for abuse of

- 5 -

discretion, "we assay the district court's factfinding for clear error and afford de novo consideration to its interpretation and application of the sentencing guidelines." United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013).

Unpreserved claims of error are reviewed only for plain error. See Leach, 89 F.4th at 195. That limited review presents an appellant with a heavier burden. To prevail under plain error review, the appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). With these standards in place, we turn to the appellant's asseverational array. We start with his procedural claim and then proceed to his claim of substantive unreasonableness.

**A**

The appellant argues that his sentence was procedurally flawed because the district court "failed to adequately evaluate the [section] 3553(a) factors" and "focused all its attention" on "the negative factors" affecting his case. Because the appellant did not raise this claim of error at the time of sentencing, his procedural challenge is unpreserved. See United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017). Consequently, we review only for plain error. See Leach, 89 F.4th at 195.

The centerpiece of the appellant's argument is his contention that the district court failed to consider several mitigating factors. These include the following alleged facts: that the appellant was raised in a dysfunctional family setting; that he became involved in the offense of conviction out of "stupidity"; that his young children depended on him financially and emotionally; that his daughter was struggling with her father's absence; that he was suffering from sadness and anxiety from being separated from his children; that the "extreme pain" from his scoliosis had caused him to self-medicate; and that he was currently in a precarious financial situation. The appellant submits that such mitigating factors could be gleaned from "a simple reading" of the PSI Report and "the district court simply chose to disregard" them. We do not agree.

It is a bedrock principle of federal sentencing law that — in order to fulfill a sentencing court's responsibilities — the court must "consider all relevant section 3553(a) factors." Clogston, 662 F.3d at 592. The court, though, "need not do so mechanically." Vargas-Dávila, 649 F.3d at 131. We have previously made it clear that "we do not require an express weighing of mitigating and aggravating factors or that each factor be individually mentioned." United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012). Relatedly, the fact that a sentencing court chooses not to discuss individually every mitigating factor

that the appellant cites "suggests [that those unaddressed factors] were unconvincing, not ignored" in the court's sentencing calculus.  Id.

Here, it is nose-on-the-face plain that "the sentencing transcript, read as a whole, evinces a sufficient weighing of the section 3553(a) factors."  United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010).  To begin, the district court explicitly discussed several of the mitigating factors that the appellant claims it ignored.  For instance, the court acknowledged that the appellant has two dependents, suffers from scoliosis and bouts of sadness and anxiety, and has a history of drug use.  Its decision to vary downward by more than 100 months from the bottom of the GSR, its granting of the appellant's request for voluntary surrender so that he could spend Christmas with his family, and its recommendation of the appellant for a residential drug-treatment program all help to demonstrate that the court was sensitive to these mitigating factors at the time of sentencing.

What is more, the court took pains to explain why certain section 3553(a) factors counseled in favor of a sentence that was "slightly higher . . . than that recommended by the parties."  For example, it highlighted the seriousness of the offense, which involved "multiple, multiple kilograms of narcotics" and reasonably concluded that the appellant's criminal history militated in favor of a stiffer sentence.  See 18 U.S.C.

- 8 -

§ 3553(a)(1)-(2)(A). And we take particular note that the court twice stated that it had considered all the section 3553(a) factors — statements that in themselves are "entitled to some weight." Clogston, 662 F.3d at 592 (quoting Dávila-González, 595 F.3d at 49).

In sum, we discern no clear or obvious procedural flaw in the sentencing court's weighing of the section 3553(a) factors. Plain error is plainly absent.

**B**

We turn next to the appellant's attack on the substantive reasonableness of his sentence. This claim of error was preserved below and, thus, our review is for abuse of discretion. See Holguin-Hernandez v. United States, 589 U.S. 169, 174-75 (2020) ("A defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is 'greater than necessary' has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence." (quoting 18 U.S.C. § 3553(a))).

The appellant's plaint that his sentence is substantively unreasonable relies generally on the same reasoning that drove his claim of procedural error: that the district court abused its discretion by failing adequately to analyze and balance all of the pertinent section 3553(a) factors. By putting too much emphasis on "negative" factors that weighed in favor of a harsher

sentence, the appellant suggests, the court imposed a substantively unreasonable term of imprisonment. This suggestion, too, is unavailing.

A substantively reasonable sentence is one that "reflects 'a plausible sentencing rationale and a defensible result.'" United States v. Soto-Soto, 855 F.3d 445, 450 (1st Cir. 2017) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). The sentence at issue in this case passes muster under this standard.

Here, the district court gave a plausible rationale for the sentence it imposed: it explained that it would exercise leniency by varying downward from the GSR but that the appellant's circumstances required a somewhat longer sentence than either party proposed due to the seriousness of the crime, the appellant's criminal history, and the need to avoid an unwarranted sentencing disparity. Although the appellant asserts that the district court reached this conclusion by "balancing the section 3553(a) factors . . . improperly," the court was not obligated to "attach to certain of the mitigating factors the significance that the appellant thinks they deserved." Clogston, 662 F.3d at 593. When — as in this instance — a sentencing court has performed its duty by assessing the relevant factors bearing on the case before it, "the weighting of those factors is largely within the court's informed discretion." Id. So it is here. The court, for example,

was entitled to weigh the appellant's criminal history as supporting a lengthier sentence. See 18 U.S.C. § 3553(a)(1); cf. United States v. Ortiz-Pérez, 30 F.4th 107, 113 (1st Cir. 2022) ("There is no 'requirement that a district court afford each of the section 3553(a) factors equal prominence.'" (quoting United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006))).

So, too, the district court reached a defensible result. As a general rule, it is rare for a reviewing court to find a below-the-range sentence substantively unreasonable. See, e.g., United States v. deJesús, 6 F.4th 141, 150 (1st Cir. 2021); United States v. Millán-Machuca, 991 F.3d 7, 32 (1st Cir. 2021); United States v. Rentas-Muñiz, 887 F.3d 1, 6 (1st Cir. 2018). Here, as in United States v. King, 741 F.3d 305, 310 (1st Cir. 2014), "[t]his case plainly falls within the general rule, not within the long-odds exception to it." In imposing the sentence, the district court varied downward by 115 months, resulting in a sentence that was only slightly more than half the length of the bottom of the GSR. Considering this substantial downward variance, we discern nothing that suffices to support the appellant's complaint that his sentence was inordinately harsh. We conclude — without serious question — that the sentence in this case came within the wide "universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592. It follows that the sentence was both substantively

- 11 -

reasonable and a proper exercise of the district court's discretion.

### III

We need go no further.[2]  For the reasons elucidated above, the judgment of the district court is

**Affirmed**.

---

[2] In his reply brief, the appellant contends that the government breached the plea agreement by defending the district court's 147-month sentence on appeal.  This argument is futile. The appellant concedes that when a criminal defendant appeals his or her sentence, "the government normally should be free, on appeal, to support a ruling of the district court even though a plea agreement precluded it below from arguing the position that underpins the ruling."  United States v. Jurado-Nazario, 979 F.3d 60, 63 (1st Cir. 2020) (quoting United States v. Carbajal-Váldez, 874 F.3d 778, 786-87 (1st Cir. 2017)).  We discern no reason to disrupt this general rule here.