# United States Court of Appeals
## For the First Circuit

No. 20-1817

UNITED STATES OF AMERICA,

Appellee,

v.

BENNY RUPERTO-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Kayatta, Circuit Judges.

Rafael Anglada-López on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Robert P. Coleman III, Assistant United States Attorney, on brief for appellee.

October 12, 2021

**SELYA**, **Circuit Judge**.    In this appeal, defendant-appellant Benny Ruperto-Rivera strives to persuade us that the district court overemphasized aggravating factors and overlooked mitigating factors when fashioning his sentence.    Although the appellant is less than precise as to whether he intends to mount a claim of procedural error or a claim of substantive unreasonableness, that lack of precision makes no difference here: whether viewed in terms of procedural error or in terms of substantive reasonableness, his arguments are unconvincing. Consequently, we affirm the challenged sentence.

## I. BACKGROUND

We briefly rehearse the relevant facts and travel of the case.    Where, as here, "a sentencing appeal follows a guilty plea, 'we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the record of the disposition hearing.'"    United States v. Dávila-González, 595 F.3d 42, 45 (1st Cir. 2010) (quoting United States v. Vargas, 560 F.3d 45, 47 (1st Cir. 2009)).

On an unknown date in 2018, four individuals were captured in a video, pointing firearms at a fifth individual and threatening to shoot him.    The firearms depicted in the video included two handguns, a third handgun with an extended magazine, and a rifle with a drum magazine.    Following an investigation, one of the four individuals was identified as the appellant — a

previously convicted felon — who was shown in the video holding a Glock pistol.

On September 20, 2018, a federal grand jury sitting in the District of Puerto Rico returned an indictment, which — as relevant here — charged the appellant, then age 28, with possession of a firearm and ammunition by a convicted felon. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). Although the appellant initially maintained his innocence, he reversed course on March 29, 2019 and moved for leave to enter a guilty plea. The district court later accepted his guilty plea, and a PSI Report was prepared. Based on a total offense level of seventeen and a criminal history category of IV, the appellant's guideline sentencing range (GSR) was thirty-seven to forty-six months. Neither party objected to any portion of the PSI Report.

At the disposition hearing, defense counsel lamented that the appellant "ha[d] not had an exemplary upbringing." She added that the appellant "ha[d] spent most of his young adult years in the state penitentiaries" and argued that "long-term punishment and incarceration [do] not necessarily rehabilitate[] young persons." Because "more incarceration w[ould] not improve or help anything," she advocated for the appellant's release under the supervision of the probation office.

The appellant allocuted. He stated that he had made a "mistake" and asked the court for "an opportunity so that [he] can prove that [he's] ready to move on with [his] life, to be better."

The government had a different view of the matter. Noting that the appellant's "criminal record reflect[ed] an escalation" in criminal activity, the prosecutor requested a term of immurement of thirty-seven months.

The sentencing court began by addressing the appellant's statement that he had made a "mistake." The court recounted the appellant's criminal history, pointed out the short time lapse between the appellant's release from prison and his involvement in the charged offense, and described that offense. The court observed that "[t]hese type[s] of offenses are not simply mistakes . . . they are called crimes." It went on to say that "making threats against the life of individuals is a very serious offense . . . [a]nd the type of weapons is quite serious."

After determining that the GSR was properly calculated, the court proceeded to consider the factors limned in 18 U.S.C. § 3553(a). The court discussed a wide array of subjects, including the appellant's age, education level, health, employment record, substance-use history, and criminal past. Next, it confirmed its familiarity with the facts of the offense of conviction. "And after balancing all [the] factors," the court concluded that a

forty-six-month term of immurement was a condign punishment and imposed an incarcerative sentence of that length.

Defense counsel immediately requested reconsideration of the sentence imposed due to what she deemed as the court's reliance on dismissed criminal conduct (specifically, past arrests for first-degree murder and a weapons violation). The court responded that it had made clear that those charges had been dismissed and that the appellant was a convicted felon by reason of a prior "drug charge[]" — a charge that had ripened into a conviction. Replying to defense counsel's comment that she "d[id]n't want to figure out that the Court see[s the appellant] as a murderer or a person who used to use weapons in the past," the court said that it "ha[d] not considered the murder at all." The court added that it "ha[d] [partly] imposed the sentence based on what is perceived to be [the appellant's] prognosis for rehabilitation." Accordingly, the motion for reconsideration was denied. This timely appeal followed.

## II. ANALYSIS

"Appellate review of claims of sentencing error entails a two-step pavane." United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017). Under this bifurcated framework, we first examine any claims of procedural error. See id. If the sentence is procedurally sound, we then examine any claim of substantive unreasonableness. See id.

- 5 -

In the case at hand, the appellant is less than precise as to whether he wishes to mount a claim of procedural error, a claim of substantive unreasonableness, or both. In an abundance of caution, we inspect his claims, where applicable, through both lenses.

## A. **The Procedural Lens**.

The appellant's flagship claim is that the district court "failed to adequately balance the sentencing factors." He identifies two ways in which the court allegedly blundered. First, he submits that the court erred by considering dismissed criminal conduct and "plac[ing] too much weight on" it. Second, he submits that the court "disregarded the mitigating factors." Viewed through the lens of procedural error, neither claim gains him any traction.

At the disposition hearing, the appellant voiced his objection to the sentencing court's alleged reliance on dismissed charges. Thus, we review his first claim of error for abuse of discretion. See United States v. Díaz-Lugo, 963 F.3d 145, 151 (1st Cir. 2020). We discern none.

The appellant's contention that the sentencing court impermissibly "considered" dismissed criminal conduct is little more than gaslighting. Perscrutation of the sentencing transcript makes pellucid that the sentencing court did nothing more than recite the appellant's arrest record (including dismissed criminal

- 6 -

charges) as it narrated his criminal history. Such a reading is consistent with the court's explicit statement that it "ha[d] not considered the murder at all." A defendant's criminal record is a part of his history, and a sentencing court does not abuse its discretion simply by chronicling that record (without attaching any weight to mere arrests or dismissed charges). See United States v. Santa-Soler, 985 F.3d 93, 96-97 (1st Cir. 2021) (holding that "sentencing court's mere mention of a defendant's arrest record as a matter of historical fact, without more, does not constitute an abuse of discretion"); cf. United States v. Vélez-Andino, ___ F.4th ___, ___ (1st Cir. 2021) [No. 19-1300, slip op. at 9] (finding no plain error in sentencing court's "unadorned recitation of matters of historical fact," including dismissed criminal charges).

The appellant's second claim of error fares no better. To begin, this claim — that the sentencing court disregarded mitigating factors — is raised for the first time on appeal and, thus, engenders only plain-error review. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

"The plain error hurdle is high." United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989). The proponent of plain error must carry the devoir of persuasion as to each of "four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appell]ant's

substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60. Here, our review starts — and ends — at the first step because the appellant cannot show that any error occurred.

"[T]he sentencing inquiry . . . ideally is broad, open-ended, and significantly discretionary." United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). Once a sentencing court has properly calculated a defendant's GSR, "sentencing becomes a judgment call." Id. Although the court must consider all of the relevant factors limned in 18 U.S.C. § 3553(a), it need not give every factor equal weight. See United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). And when explicating the sentence imposed, the court "is not required to address [the sentencing] factors, one by one, in some sort of rote incantation." Id. Nor is the court required "to explain why it eschewed other suggested sentences." United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014). It is enough for the "court simply to identify the main factors driving its determination." United States v. Sepúlveda-Hernández, 817 F.3d 30, 33 (1st Cir. 2016).

Here, the record makes manifest that the sentencing court considered all the relevant section 3553(a) factors. Indeed — after hearing arguments from both sides — the court expressly acknowledged its obligation to mull those factors. It then referred to a number of the factors and proceeded to elaborate on

the appellant's background, criminal history, and participation in the offense of conviction. Summing up, the court confirmed that it had "balanc[ed] all [the] factors" — and such a statement "is entitled to some weight." Dávila-González, 595 F.3d at 49.

The appellant's contention that the court "disregarded" mitigating factors is not supported by the record. The point most vigorously pressed by defense counsel at the disposition hearing was rehabilitation. The court dealt explicitly with this point. In fact, it stated that it had, in part, "imposed the sentence based on what is perceived to be [the appellant's] prognosis for rehabilitation." That the court did not explain in exquisite detail why it chose to afford relatively little weight to the factors that the appellant advanced in mitigation is not the sort of stuff out of which a claim of sentencing error can be constructed. See United States v. Sayer, 916 F.3d 32, 38-39 (1st Cir.) (observing that "courts are not required to specifically explain why they rejected a particular defense argument in favor of a lower sentence"), cert. denied, 139 S. Ct. 2731 (2019).

Stripped of rhetorical flourishes, the appellant's plaint that the sentencing court undervalued mitigating factors seems to be another way of saying that the court did not share defense counsel's view of the salience of those factors. In other words, the plaint boils down to a lament that the court did not weigh the aggravating and mitigating factors as counsel would have

preferred. Seen in this light, the appellant's claim, in effect, asks us to elevate his counsel's appraisal of the mitigating factors over that of the sentencing court. The law does not permit us so blithely to displace a sentencing court's exercise of its discretion.

After all, it is "[t]he sentencing court's task [] to sift the available information and balance the pertinent factors." United States v. Madera-Ortiz, 637 F.3d 26, 32 (1st Cir. 2011). The weighing of sentencing factors "represent[s] a judgment call . . . for the sentencing court" alone to make. Id. Because the court below did not abuse its discretion in balancing the section 3553(a) factors in a manner that it reasonably deemed appropriate, the appellant's claim cannot succeed on plain-error review.

## B. **The Substantive Lens**.

Next, we view the challenged sentence through a more substantive lens. With respect to the substantive reasonableness of a sentence, our review is for abuse of discretion. See Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020); United States v. Bruno-Campos, 978 F.3d 801, 808 (1st Cir. 2020).

"In the sentencing context, 'reasonableness is a protean concept.'" United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) (quoting Martin, 520 F.3d at 92). Consequently, "[t]here is no one reasonable sentence in any given case but, rather, a

universe of reasonable sentencing outcomes." Id. Our task, then, is "to determine whether the [challenged] sentence falls within this broad universe." United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020). In making this determination, "we cannot substitute our judgment of the appropriate sentence for that of the sentencing court; to the contrary, we must accord significant deference to the court's informed determination that the section 3553(a) factors justify the sentence imposed." Id.

When all is said and done, "a sentence is substantively reasonable so long as the sentencing court offers a plausible rationale and the sentence represents a defensible result." Id. Thus, we measure the sentence imposed on the appellant against this benchmark.

In this instance, the sentencing court lucidly articulated its sentencing rationale. The court addressed the appellant's age, education level, health, employment record, substance-use history, and criminal past. It also addressed his participation in the offense of conviction. The court noted that "making threats against the life of individuals is a very serious offense . . . [a]nd the type of weapons is quite serious." What is more, the court found it significant that the appellant engaged in the offense "shortly after" being released from prison. In the court's estimation, the appellant's commission of the offense of conviction could not be written off as a mere "mistake." Finally,

the court determined that a forty-six-month prison sentence — a sentence at the top of, but within, the GSR — was appropriate.

The sentence imposed was a logical culmination of the sentencing court's juxtaposition and evaluation of the relevant sentencing factors. We therefore find its sentencing rationale plausible.

So, too, the challenged sentence constitutes a defensible result. The district court thoroughly considered the relevant section 3553(a) factors. The court took particular note of the appellant's threat to kill. And as the court pointed out, the appellant's conduct was all the more worthy of reproof because that conduct occurred soon after his release from prison. See Vélez-Andino, ___ 4th at ___ [No. 19-1300, slip op. at 18] (finding sentence defensible when, among other things, defendant engaged in offense of conviction "[l]ess than three months after being released from prison").

We have said before — and today reaffirm — that "[a] challenge directed at substantive reasonableness is usually a heavy lift, and reversal is 'particularly unlikely when . . . the sentence imposed fits within the compass of a properly calculated [GSR]." United States v. Ruiz-Huertas, 792 F.3d 223, 228-29 (1st Cir. 2015) (second alteration in original) (quoting Vega-Salgado, 769 F.3d at 105); see Clogston, 662 F.3d at 592-93. On the facts of this case, the appellant cannot accomplish that heavy lift:

the sentencing outcome is entirely defensible.  Cf. Clogston, 662 F.3d at 593 ("That the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make [his] sentence unreasonable.").

## III. CONCLUSION

We need go no further.  For the reasons elucidated above, the challenged sentence is

**Affirmed**.