# United States Court of Appeals
## For the First Circuit

Nos. 22-1353
     22-1447

UNITED STATES OF AMERICA,

Appellee,

v.

VICTOR JORDAN CALDERON-ZAYAS,

Defendant, Appellant.


APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]


Before

Barron, Chief Judge,
Thompson and Montecalvo, Circuit Judges.


Jose A. Arce-Diaz for appellant.
Jeanette M. Collazo-Ortiz, Assistant United States Attorney,
with whom W. Stephen Muldrow, United States Attorney, Mariana E.
Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate
Division, and Maarja T. Luhtaru, Assistant United States Attorney,
were on brief, for appellee.


May 17, 2024

**MONTECALVO, Circuit Judge**. Victor J. Calderon-Zayas appeals from a sixty-month, above-guidelines sentence imposed after he pled guilty to aiding and abetting another person to illegally possess a machine gun in violation of 18 U.S.C. §§ 2 and 922(o) ("§ 922(o) sentence") as well as from an eighteen-month sentence, to be served consecutively to the § 922(o) sentence, imposed in the associated revocation proceeding ("revocation sentence"). Calderon-Zayas challenges the § 922(o) sentence, arguing that the sentencing court overemphasized the aggravating factors surrounding the offense and overlooked the mitigating factors in crafting his sentence and impermissibly relied on the dangerous nature of the firearm involved as a basis for the upward variance. As to the revocation sentence, he argues that the sentencing court erred by neglecting to consider the § 922(o) sentence when crafting appropriate punishment for the supervised release violation. Having found no error, we affirm both the § 922(o) and revocation sentences.

## I. Background

As this appeal follows a guilty plea, our recitation of the facts is derived from "the plea agreement, the undisputed sections of the presentence investigation report[s], and the transcripts of the change-of-plea and sentencing hearings." United States v. Spinks, 63 F.4th 95, 97 (1st Cir. 2023) (cleaned

- 2 -

up) (quoting United States v. Ubiles-Rosario, 867 F.3d 277, 280 n.2 (1st Cir. 2017)).

In 2013, Calderon-Zayas pled guilty to conspiracy to possess with intent to distribute cocaine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a), 846, and 860, and was sentenced to 60 months' imprisonment and eight years of supervised release. As a condition of that supervised release, Calderon-Zayas was prohibited from, among other things, possessing or having access to a firearm or ammunition. In 2017, Calderon-Zayas was released and began serving the eight-year term of supervised release.

On June 14, 2021, Puerto Rico Police Department officers arrived at a housing project to serve a summons in an unrelated matter. Upon arrival, the officers observed two men sitting inside of a parked car, one in the driver's seat (later identified as Calderon-Zayas) and another in the passenger seat (later identified as Yadiel Manuel Ramos-Santiago). The officers identified themselves as police officers as they approached the car. One officer observed Ramos-Santiago raise a pistol. When the officers ordered him to stop, Ramos-Santiago lowered the gun and attempted to flee. The officers arrested both men. Agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives later arrived at the scene.

Law enforcement officers searched the car and seized a .40 caliber Glock pistol, modified to fire automatically ("modified pistol"); another .40 caliber Glock pistol, this one unmodified; fifty-four rounds of .40 ammunition; one fifteen-round capacity Glock magazine; two twenty-two-round capacity Glock magazines; and a rifle magazine. A federal grand jury indicted Calderon-Zayas on two counts: (1) being a prohibited person in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1); and (2) aiding and abetting Ramos-Santiago to possess the modified pistol in violation of 18 U.S.C. §§ 2 and 922(o). While that case was proceeding, the United States Probation Office for the District of Puerto Rico ("Probation") initiated a revocation proceeding based on Calderon-Zayas's June 14th arrest.

Calderon-Zayas pled guilty to count two of the indictment, and, in exchange, the government agreed to dismiss count one. Under the plea agreement, the parties agreed that, regardless of the applicable criminal history category, Calderon-Zayas could request a sentence of thirty-seven months' imprisonment and the government could request a sentence of forty-six months' imprisonment. In anticipation of sentencing, Probation prepared a Presentence Report ("PSR"). Probation calculated a total offense level of nineteen, a criminal history category of III, and a resulting United States Sentencing Guidelines ("guidelines") sentencing range of thirty-seven to

forty-six months' imprisonment. The court accepted Calderon-Zayas's change of plea.

Prior to sentencing, Calderon-Zayas filed a sentencing memorandum. In the sentencing memorandum, he emphasized certain information from the PSR, specifically noting that he suffered from intermittent explosive disorder, which involves sudden outbursts of rage, aggression, or violence; maintained a continuous work history; experienced trauma during his childhood; and was not engaged in a violent or drug-based offense when he was arrested in June 2021. He argued that each of these were mitigating factors supporting a sentence on the lower end of the guidelines range.

On April 18, 2022, the court held a sentencing hearing on the § 922(o) charge. There, Calderon-Zayas's counsel argued that "the sentencing guidelines and the [PSR] already . . . consider[] the facts that are stated by the government . . . . So the fact that it's a machine gun involved in the case has already been considered in the sentencing guideline[s] calculations." He also described Calderon-Zayas's family situation, namely that he had a supportive wife and two children. He then requested a within-guidelines sentence of thirty-seven months' imprisonment. The government requested the guidelines maximum of forty-six months' imprisonment.

The district court then confirmed that the applicable guidelines range was thirty-seven to forty-six months' imprisonment, referenced Calderon-Zayas's age, employment history, and history of using cannabis as well as Percocet and Xanax without prescriptions, and summarized the facts of the offense before addressing the type of gun involved in the case.

The sentencing court then discussed the nature of the modified pistol. The court explained that, "[s]hort of bombs, missiles, and biochemical agents, [it could] conceive of few weapons that are more dangerous than machine guns." The court described how two aspects of the gun in question made it more dangerous than a run-of-the-mill, manufactured machine gun: First, the gun in question was a modified machine gun, meaning that it was not originally manufactured as an automatic weapon but, rather, became automatic via an after-market alteration. Second, the gun was a machine pistol and, according to the district court, machine pistols that are also modified are particularly dangerous. The court also observed that "[t]he guidelines do not differentiate between [manufactured and modified] machine guns."

Finally, the court noted the amount of ammunition seized, fifty-four rounds, the "serious and acute problem of gun violence in Puerto Rico," the purportedly high recidivism rate for firearms offenders, and the need to protect the community from future crimes

by Calderon-Zayas.[1]  The court then sentenced Calderon-Zayas to an upwardly variant sentence of sixty-months' imprisonment followed by three years of supervised release.[2]

_____

[1] The court also referenced the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), and briefly stated its disagreement "with the Sentencing Commission's low guideline[s] range in machine gun cases."  Given our analysis, however, we need not address Kimbrough in order to resolve this appeal.

[2] During the pendency of this appeal, prior to oral argument, Calderon-Zayas filed a motion, pursuant to 18 U.S.C. § 3582(c), to reduce his sentence to fifty-four months based on a recent retroactive amendment to the guidelines that reduced Calderon-Zayas's guidelines range for the § 922(o) sentence to thirty-three to forty-one months' imprisonment.  The government agreed that the new range applied and similarly advocated for a sentence reduction that would reflect the original sentence's variance of fourteen months above guidelines.  The court granted the motion and reduced the sentence from sixty months to fifty-four months.

However, because this appeal was pending at the time, the sentencing court "lacked jurisdiction to enter the order reducing the sentence."  United States v. Maldonado-Rios, 790 F.3d 62, 64 (1st Cir. 2015) (per curiam).  When faced with a § 3582(c) request to modify a sentence while an appeal of the sentence is pending, a sentencing court can "state[] either that it would grant the motion or that the motion raises a substantial issue."  Id. (alteration in original) (quoting Fed. R. App. P. 12.1(a)).  We thus interpret the court's putative grant as an order stating that it would grant the motion.  See id. at 65.  Accordingly, we have a choice between "'remand[ing] for further proceedings but retain[ing] jurisdiction,' dismissing the appeal, or continuing to hear the appeal."  Id. (alterations in original) (quoting Fed. R. App. P. 12.1(b)).  Because the district court indicated its intent to retain the upward variance, it does not impact the merits of this appeal and, therefore, does not hinder our consideration.  Accordingly, we opt to continue to hear the appeal.  On remand, the district court may enter an order modifying Calderon-Zayas's sentence based on the guidelines amendment.

Through counsel, Calderon-Zayas objected to the procedural and substantive unreasonableness of the sentence.[3]

On May 11, 2022, several weeks after the § 922(o) sentencing, the court held the final revocation hearing. Calderon-Zayas requested that the revocation sentence either run concurrently with the § 922(o) sentence or, if it was to run consecutively, that the sentence be limited to six months of imprisonment. To support his position, he argued that the above-guidelines sentence in the § 922(o) case warranted a less harsh revocation sentence. The government requested an eighteen-month revocation sentence -- the top of the guidelines range -- and noted that "the guidelines call for a consecutive sentence." The court then found that Calderon-Zayas had violated the terms of his supervised release and, accordingly, revoked the supervised release. The court confirmed that the applicable guidelines range was twelve to eighteen months' consecutive imprisonment; indicated its consideration of the § 3553(a) factors

---

[3] Defense counsel's full objection reads:

> The defense defer from the reason as articulated by the Court for the upward variance, so we are objecting to the length of the sentencing, and we also object to it procedurally, Your Honor, because, as we mentioned before, we believe that the reasons that the Court or the grounds for the Court articulating the upward variance are already considered by the Sentencing Guideline[s].

and seriousness of the violation; and noted that this was Calderon-Zayas's second violation proceeding, there was a short span of months between violations, and Calderon-Zayas's failure to "take advantage of" Probation's efforts to help. The court then determined that, "[t]o reflect the seriousness of [Calderon-Zayas's] offense, promote respect for the law, provide just punishment for his offense, afford adequate deterrence, and protect the public from further crimes," a sentence of eighteen months' imprisonment, to be served consecutively to the § 922(o) sentence, was warranted. Through counsel, Calderon-Zayas objected to the substantive and procedural reasonableness of the revocation sentence, arguing that the court did not take into consideration the upward variance in the § 922(o) case. Calderon-Zayas timely appealed both sentences.

## II. Discussion

### A. § 922(o) Sentence[4]

We review claims of sentencing error within a two-step framework. First, we look to the procedural reasonableness of a sentence. United States v. Ruperto-Rivera, 16 F.4th 1, 4-5 (1st

---

[4] To begin, Calderon-Zayas argues that the waiver clause contained in the plea agreement does not apply to this appeal. The plea agreement provides that, "if the . . . sentence imposed . . . is 46 months or less, [Calderon-Zayas] waives the right to appeal." As the court imposed a sentence above forty-six months, we agree that the clause is not applicable here. Further, the government does not contend that the appeal waiver has been triggered.

Cir. 2021). Next, assuming we conclude that the sentence is procedurally reasonable, we assess the substantive reasonableness of the sentence. Id. at 5.

From what we can discern, Calderon-Zayas mounts two basic challenges to his § 922(o) sentence: (1) that the court improperly balanced the § 3553(a) factors by giving insufficient weight to his mitigation arguments and (2) that the court improperly relied on the dangerousness of the modified pistol in imposing an above-guidelines sentence.[5]

As to the first challenge, he argues that the sentencing court "failed to adequately evaluate the § 3553(a) factors brought to its attention," namely his mental health, the lack of drugs or violence in the underlying crime, his good work history, his stable family, and his need for mental health treatment as opposed to incarceration. Calderon-Zayas insists that the sentencing court instead "placed all its attention [o]n the negative factors and disregarded the positive individual characteristics" that he presented. With respect to his second challenge, he argues that

---

[5] To the extent Calderon-Zayas seeks to mount a challenge to the court's reliance on the "serious and acute problem of gun violence in Puerto Rico," that challenge fails. Because Calderon-Zayas provides nothing more than a quote to a since withdrawn decision, see United States v. Flores-González, 34 F.4th 103 (1st Cir.), reh'g en banc granted, op. withdrawn, 46 F.4th 57 (1st Cir. 2022), and on reh'g en banc, 86 F.4th 399 (1st Cir. 2023), any argument in this vein is waived due to inadequate briefing, see United States v. Cruz-Ramos, 987 F.3d 27, 43 (1st Cir. 2021).

- 10 -

the court erred in relying on the dangerousness of the modified pistol as a basis for the upward variance because United States v. Rivera-Berríos, 968 F.3d 130 (1st Cir. 2020), is controlling on the question of whether a sentencing court can rely on the dangerousness of machine guns for an upward variance in a § 922(o) case.

From his briefing, it is not clear whether Calderon-Zayas seeks to mount a procedural reasonableness challenge, a substantive reasonableness challenge, or both. Thus, out of "an abundance of caution, we inspect his claims, where applicable, through both lenses."[6] Ruperto-Rivera, 16 F.4th at 5.

### 1. Procedural Reasonableness

We review preserved claims of procedural error for abuse of discretion. Id. at 5. "To preserve a claim of procedural sentencing error for appellate review, a defendant's objection

---

[6] We have previously considered similar types of challenges to the ones that Calderon-Zayas raises as both procedural and substantive unreasonableness claims. See United States v. Melendez-Hiraldo, 82 F.4th 48, 53 (1st Cir. 2023) (assessing alleged "fail[ure] to consider relevant mitigating factors" under procedural reasonableness); United States v. Madera-Ortiz, 637 F.3d 26, 30-31 (1st Cir. 2011) (considering alleged failure to "fully consider mitigating circumstances" under substantive reasonableness); United States v. García-Pérez, 9 F.4th 48, 53 (1st Cir. 2021) (assessing similar Rivera-Berríos argument under procedural reasonableness); United States v. Flores-Nater, 62 F.4th 652, 655, 657 (1st Cir. 2023) (assessing question of whether "the upward variance . . . rest[ed] on more than factors already accounted for in the guidelines calculus" under substantive reasonableness).

need not be framed with exquisite precision. It is enough if the objection is 'sufficiently specific to call the district court's attention to the asserted error.'" Rivera-Berríos, 968 F.3d at 134 (citations omitted) (quoting United States v. Soto-Soto, 855 F.3d 445, 448 n.1 (1st Cir. 2017)).

Here, we review both of Calderon-Zayas's challenges for abuse of discretion,[7] first addressing, and rejecting, his

---

[7] The government argues that Calderon-Zayas's challenge to the court's failure to adequately consider mitigating factors was not preserved for our review because he did not specifically object to the purported error after the sentence was handed down. After the court issued the sentence, the sentencing transcript reflects Calderon-Zayas's counsel stating that "[t]he defense defer from the reason as articulated by the Court for the upward variance, so we are objecting to the length of the sentencing." See note 3 supra. We doubt Calderon-Zayas's counsel intended to suggest that Calderon-Zayas "defer[red]" to or accepted the district court's sentencing rationale, as he then proceeded to object to the sentence. Moreover, when considering the "broader context" of the sentencing hearing, counsel's objection can be more readily understood as referring back to the mitigating factors presented to the court prior to sentencing and thus implying that Calderon-Zayas took issue with the court's reasoning with respect to its application of the § 3553(a) factors. See United States v. Perez-Delgado, 99 F.4th 13, 20-21 (1st Cir. 2024) (noting that "the broader context of this particular sentencing hearing makes it 'contextually clear' that defense counsel's objection and specific reference to the sentence being above the [guidelines sentencing range] put the district court sufficiently on notice" (quoting United States v. Colón-Cordero, 91 F.4th 41, 49 (1st Cir. 2024))). But given the lack of clarity from the transcript itself, for purposes of this appeal, we need not decide whether this objection preserved Calderon-Zayas's challenge on the mitigating factors issue; instead, we assume in Calderon-Zayas's favor that his challenge is preserved and review for abuse of discretion.

The parties agree that Calderon-Zayas's Rivera-Berríos challenge is preserved.

contention that the sentencing court failed to consider mitigating § 3553(a) factors. Calderon-Zayas has not explained how the sentencing court "failed to adequately evaluate the § 3553(a) factors," such as his mental health struggles and currently stable family life. Though consideration of the § 3553(a) factors is necessary, "we do not require an express weighing of mitigating and aggravating factors or that each factor be individually mentioned." United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012). Each of the potentially mitigating factors that Calderon-Zayas cites was presented to the sentencing court in the PSR, in Calderon-Zayas's sentencing memorandum, and during oral argument. "[T]hat the district court did not explicitly mention [these factors] during the sentencing hearing suggests they were unconvincing, not ignored." Id. Here, the record demonstrates that the sentencing court properly "sift[ed] [through] the available information and balanc[ed] the pertinent factors (both mitigating and aggravating)." United States v. Madera-Ortiz, 637 F.3d 26, 32 (1st Cir. 2011).

Having rejected Calderon-Zayas's first challenge, we next address his contention that the court improperly relied on the dangerousness of the modified pistol. He argues that the court erred in sentencing him above guidelines because the guidelines already account for the dangerousness of machine guns, citing

Rivera-Berríos to support this claim.  But Rivera-Berríos is not controlling here.

Unlike Rivera-Berríos, the district court here relied not only on the general dangerousness of machine guns, see 968 F.3d at 133, but also on the fact that the machine gun Calderon-Zayas possessed was a pistol that was modified to fire automatically, which the court deemed to be more dangerous than the average machine gun;[8] the "serious and acute problem of gun violence in Puerto Rico"; the high recidivism rate for firearms offenders; and the need to protect the community from additional offenses by Calderon-Zayas, who, the court emphasized, had committed the machine-gun offense while on supervised release.  Thus, Rivera-Berríos does not require that we vacate the sentence, and we must conclude that Calderon-Zayas's sentence is procedurally reasonable.[9]

---

[8] We note, however, that Calderon-Zayas does not challenge the veracity or reliability of the district court's statements about the increased dangerousness of modified machine guns or machine pistols.  Accordingly, we do not render any conclusions about the ultimate propriety of the district court's reliance on this particular sentencing justification.

[9] During oral argument, Calderon-Zayas raised, for the first time, an argument that the guidelines account for all types of machine guns, including those modified after manufacture and pistol machine guns.  However, as he raised this specific argument for the first time during oral argument, it is waived.  See United States v. Cardona, 88 F.4th 69, 75 n.2 (1st Cir. 2023).

## 2. Substantive Reasonableness

Having established that Calderon-Zayas's procedural reasonableness challenge fails, we next assess the substantive reasonableness of the § 922(o) sentence, reviewing for abuse of discretion. See Ruperto-Rivera, 16 F.4th at 6. Here, Calderon-Zayas's challenge is preserved for review because he argued for a shorter sentence before the district court. See Melendez-Hiraldo, 82 F.4th at 56 ("[W]e have consistently held that by arguing for a shorter sentence before the district court, a defendant preserves a challenge to the substantive reasonableness of his sentence on appeal.").

"There is a broad range of reasonable outcomes in the sentencing context and our task is simply to determine whether the sentence falls within that permissible range. The components of a substantively reasonable sentence are a plausible rationale and a defensible result." Id. (cleaned up). Furthermore, "we cannot substitute our judgment of the appropriate sentence for that of the sentencing court; to the contrary, we must accord significant deference to the court's informed determination that the [§] 3553(a) factors justify the sentence imposed." United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020).

Where a sentencing court "imposes an upwardly variant sentence, it must explain its reasons for doing so." United States v. Flores-Nater, 62 F.4th 652, 655 (1st Cir. 2023). And "[t]he

- 15 -

court's burden of explanation 'increases in proportion to the extent of [its] deviation from the guideline range.'  As the variance increases, so too does the district court's burden to offer a sound justification for the sentence imposed."  Id. (alteration in original) (quoting and citing United States v. Montero-Montero, 817 F.3d 35, 37 (1st Cir. 2016)).

Here, the sentence imposed was a logical culmination of the sentencing court's evaluation of the facts of the case, the need to prevent recidivism, and Calderon-Zayas's history and characteristics.  Further, having already rejected Calderon-Zayas's arguments that the court failed to adequately evaluate the § 3553(a) factors and that Rivera-Berríos controls in relation to procedural reasonableness, we do not consider either as a basis for deeming the court's rationale implausible under substantive reasonableness.  See United States v. Valle-Colón, 21 F.4th 44, 50 (1st Cir. 2021).  Thus, we conclude that the court provided a plausible rationale to support its imposition of an upwardly variant sentence.

The sentence is also defensible.  Calderon-Zayas has identified nothing -- nor have we found anything -- that would lead us to conclude that the 14-month upward variance here is not within the wide realm of reasonable sentences under the circumstances of Calderon-Zayas's conviction.  See id.

Accordingly, we discern no error as to Calderon-Zayas's § 922(o) sentence.

## B. Revocation Sentence

Calderon-Zayas also challenges the eighteen-month sentence he received in the supervised release revocation proceeding. He specifically takes issue with the court's decision to impose a revocation sentence that runs consecutively to the § 922(o) sentence. We review preserved challenges to revocation sentences for abuse of discretion. See United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016). Because Calderon-Zayas specifically raised this challenge before the revocation sentencing court, his claim is reviewed for abuse of discretion. See id.

Calderon-Zayas argues that the court erred "when it did not consider the sentence previously imposed" in the § 922(o) case when imposing the revocation sentence.[10] However, he has not

---

[10] Calderon-Zayas also argues that the court erred in not mentioning that the guidelines are merely advisory. Even assuming this argument is preserved, it has no merit. Calderon-Zayas has not directed us to a single case that requires a sentencing judge to incorporate a statement that the guidelines are advisory into its sentencing order. There is also nothing in the record indicating that the district court wrongly considered the guidelines to be mandatory. See United States v. Gilman, 478 F.3d 440, 446 (1st Cir. 2007) ("While the district court did not state for the record that it was treating the guidelines as advisory, it is clear from the sentencing transcript that everyone recognized that to be true."); cf. United States v. McInnis, 429 F.3d 1, 4 (1st Cir. 2005) ("[T]he court need only consider, not implement,

explained how the court should have considered the § 922(o) sentence in crafting the revocation sentence or how that could have changed the calculus, particularly when the sentencing court made clear that the basis of the revocation sentence was in the context of Calderon-Zayas's violation of the conditions of his supervised release. Importantly, we have explained:

> [T]here is no legal impediment to imposing [such] sentences to run consecutively -- actually, a guideline provision envisions precisely such a scenario [by deeming that] any term of imprisonment imposed after the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, regardless of whether the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

United States v. Tanco-Pizarro, 892 F.3d 472, 483 (1st Cir. 2018) (cleaned up). Here, "implicit in the court's analysis is its judgment that [Calderon-Zayas] should get serious prison time for those flagrant violations," id., of his supervised release and that the length of the § 922(o) sentence did not warrant a concurrent revocation sentence. In short, Calderon-Zayas cannot overcome the presumption of reasonableness owed to the within-guidelines revocation sentence. See United States v.

_____

the advisory sentence range provided in the guidelines' policy statements.").

- 18 -

Ortíz-Mercado, 919 F.3d 686, 691 (1st Cir. 2019).  Accordingly, we find no error as to Calderon-Zayas's revocation sentence.

## III. Conclusion

For the foregoing reasons, Calderon-Zayas's sentences are **<u>affirmed</u>**.