# United States Court of Appeals
## For the First Circuit

No. 22-1642

UNITED STATES,

Appellee,

v.

JOHN DERICK ROSARIO-MERCED,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Hamilton,* and Thompson, Circuit Judges.

José B. Vélez Goveo, with whom Vélez & Vélez Law Office was on brief, for appellant.
Jeniffer Vélez Pérez, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

July 25, 2024

* Of the Seventh Circuit, sitting by designation.

**HAMILTON, Circuit Judge.** Defendant-Appellant John Derick Rosario-Merced ("Rosario") was convicted of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The Sentencing Guidelines recommended a sentence of 15 to 21 months in prison for the drug charge and a consecutive 60 months in prison for the firearm count. The district court opted to vary upward from the guideline range and sentenced Rosario to 96 months on the firearm count and 18 months on the drug count, for a total prison sentence of 114 months, which was 33 months above the high end of the guideline range. On appeal, Rosario contends that this upward variance was procedurally and substantively unreasonable.

We affirm because the district court gave sufficient reasons for the upward variance, including the quantity of ammunition and magazines Rosario possessed and the judge's view of the need for deterrence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In July 2021, police were tipped off that Ivan Javier Gines-Negron, who had an outstanding arrest warrant, was staying in Rosario's apartment. Several officers went to Rosario's apartment to arrest Gines-Negron. They saw Gines-Negron standing outside the apartment building, but when the officers approached,

he ran away.  He fled up the building's stairs and disappeared into an apartment.

Officers chased him up the stairs and knocked on the apartment door to demand entry.  Meanwhile, Gines-Negron began throwing guns, drugs, and ammunition out a back window.  He tossed out an FN Herstal pistol, an extra extended magazine, a total of 35 bullets, and baggies and packets of cocaine and heroin.  At the front door, the officers ordered everyone out of the apartment. Rosario and Gines-Negron walked out and were promptly arrested.

Officers swept the apartment and found a collection of contraband.  They recovered a second firearm, a Glock semiautomatic handgun that had been modified to shoot automatically, making it a machinegun.  In total, counting contraband found both inside and outside the apartment, the officers recovered a total of four magazines (three of which were high-capacity), 107 rounds of ammunition, 10.1 grams of crack cocaine, and 1.5 grams of fentanyl.[1]

A federal grand jury indicted Rosario on four offenses: possessing a machinegun in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii);

---

[1] The Sentencing Guidelines define a "large capacity magazine" as one with a capacity of fifteen or more rounds.  U.S.S.G. § 5K2.17.  The PSR here used the phrase "extended," but we have used "extended" and "high-capacity" interchangeably.  See, e.g., United States v. Díaz-Lugo, 963 F.3d 145, 150 (1st Cir. 2020)

possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Rosario pled guilty to possessing a firearm in furtherance of a drug crime and to the crack cocaine charge. The machinegun and heroin charges were dismissed by agreement.

For possessing crack cocaine with intent to distribute, the Sentencing Guidelines recommended 15 to 21 months in prison based on Rosario's total offense level of 13 and criminal history category of II. For possessing a firearm in furtherance of a drug trafficking crime, the Sentencing Guidelines recommended the mandatory minimum codified in 18 U.S.C. § 924(c)(1)(A): 60 months in prison, consecutive to any other sentence.

Rosario advocated a total sentence of 81 months in prison, comprised of 15 months on the drug count and 66 months on the firearm count, followed by five years of supervised release. The government recommended a total of 102 months in prison — 18 months on the drug count and 84 months on the firearm count — also followed by five years of supervised release.

The district court sentenced Rosario to a total of 114 months in prison (18 months on the drug count and 96 months on the firearm count) followed by five years of supervised release. The judge explained that he imposed the above-guideline sentence for

two reasons.  First, the judge noted the circumstances of Rosario's offenses — that he "was in constructive possession" of two guns, four magazines, 107 rounds of ammunition, and controlled substances.  Second, the judge found a greater need for deterrence.  Citing Puerto Rico's high rate of firearm offenses and its high rate of murders as compared to other jurisdictions within the First Circuit, the judge concluded that a longer sentence would better serve deterrence goals.  These factors were reiterated in the district court's written Statement of Reasons.

## II.  Analysis

On appeal, Rosario argues that his sentence is procedurally and substantively unreasonable.  Though his brief mentions his substantive reasonableness challenge only in passing, we assume that he meant to bring both challenges, and we review them separately.  See United States v. Calderon-Zayas, 102 F.4th 28, 35-36 & n.6 (1st Cir. 2024) (analyzing an ambiguous challenge under both procedural and substantive lenses "out of an abundance of caution" (internal quotations omitted)).

Where a defendant challenges his sentence as both procedurally and substantively unreasonable, we consider first the procedural challenge and then the substantive challenge.  United States v. Ramirez-Ayala, 101 F.4th 80, 86 (1st Cir. 2024).  We conclude that the sentence was neither procedurally nor substantively unreasonable.

## A. Procedural Reasonableness

Rosario argues that the district court made a procedural error by failing to explain adequately the above-guideline sentence. In Rosario's view, Puerto Rico's high murder rate does not justify the upward variance. He argues that the guideline range "had already taken into account" the "ordinary" circumstances of his offenses, so that the judge's references to other criminal activity resulted in Rosario being punished for crimes he did not commit. Rosario did not raise this argument before the district court, so we review this point, at best, for plain error. Ramirez-Ayala, 101 F.4th at 86. In addition, because Rosario has not addressed the plain-error standard in his brief, his claim is waived. See, e.g., United States v. Vázquez-Rosario, 45 F.4th 565, 571 (1st Cir. 2022) (finding appellant's claim waived because brief failed to address applicable standard of review). Because Rosario's claim fails on the merits in any event, however, we address it accordingly.

Rosario's argument mischaracterizes the district court's explanation for the upward variance. The court identified two factors supporting it: the additional contraband that Rosario possessed in addition to the charged firearm, and the high murder rate in Puerto Rico. As we explain below, the district court did not commit plain error by considering these factors together, though we might be more skeptical if the judge had relied upon

- 6 -

Puerto Rico's high murder rate alone. See <u>United States</u> v. <u>Rivera-Berríos</u>, 968 F.3d 130, 135-37 (1st Cir. 2020) (vacating sentence in part because district court's discussion of Puerto Rico's crime trends was not tied to individual characteristics of the offender or the offense of conviction).

### 1. Additional Contraband

Possessing additional contraband can support an upward variance because a judge may find that the Sentencing Guidelines do not account sufficiently for all the guns and ammunition involved in an offense. Cf. <u>United States</u> v. <u>Díaz-Lugo</u>, 963 F.3d 145, 155 (1st Cir. 2020) (affirming above-guideline sentence where applicable guideline, U.S.S.G. § 2K2.1(a)(4)(B), accounted for only one of two guns possessed by defendant and none of defendant's four high-capacity magazines). For example, the 60-month mandatory minimum in this case would have applied even if the charged firearm had not been loaded and Rosario had not possessed any ammunition or magazines. The simple fact that he possessed a firearm "during and in relation to any . . . drug trafficking crime" sufficed to require a 60-month consecutive prison term for the firearm charge. 18 U.S.C. § 924(c)(1)(A); U.S.S.G. § 2K2.4(b). In this case, the district court explained that the applicable guideline provisions did not account adequately for the additional firearm, the substantial quantity of ammunition, and the extra magazines.

In similar cases, we have explained that additional contraband can justify an above-guideline sentence if the defendant possessed more ammunition or magazines than would be expected in a typical unlawful possession case. See, e.g., United States v. Morales-Vélez, 100 F.4th 334, 344-45 (1st Cir. 2024). Possessing a gun, even illegally, generally entails possessing bullets and magazines too, so in a run-of-the-mill case for unlawful gun possession, a defendant could reasonably be expected to have at least some ammunition and magazines in his possession as well. But the facts of a case may be deemed atypical, and therefore support an above-guideline sentence, when a defendant possesses significantly more ammunition or magazines than in a typical case. Id. at 344. These are not bright lines, of course, but the Sentencing Guidelines are "effectively advisory," not binding. Beckles v. United States, 580 U.S 256, 265 (2017) (Sentencing Guidelines not subject to void-for-vagueness challenge). Accordingly, when a drug dealer possesses a substantial cache of illegal ammunition and high-capacity magazines alongside his illegal firearm, a sentencing judge could reasonably conclude that the underlying offense was more serious than the mine-run of such cases.[2]

---

[2] A sentencing judge also would not be obliged to vary upward based on a large quantity of ammunition and/or high-capacity magazines. As we have emphasized, sentencing usually involves

We caution that sentences should not be determined just by counting bullets. In cases like this one, quantity is one factor to consider along with many others. See United States v. Greig, 717 F.3d 212, 223 (1st Cir. 2013) (recognizing range of information sentencing judges may consider). That being said, our case law has identified some guideposts for determining when additional ammunition may support an upward variance, and on which charges. Marking the lower end of the spectrum is Rivera-Berríos, where we vacated an above-guideline sentence for possession of a machinegun, concluding that possessing 36 rounds of ammunition and two high-capacity magazines "was entirely consistent with simple possession of a machine gun." 968 F.3d at 133, 135.

Several cases are closer to the other end of the spectrum. See United States v. Aponte-Colón, 104 F.4th 402, 418 (1st Cir. 2024) (no abuse of discretion where upward variance for possessing firearm in furtherance of drug-trafficking crime was based in part on possession of 123 rounds of ammunition and multiple high-capacity magazines); Morales-Vélez, 100 F.4th at

_____

considerable discretion and judgment, and a judge might reasonably conclude that excessive ammunition is outweighed by mitigating factors. See generally United States v. Carrasquillo-Vilches, 33 F.4th 36, 44-45 (1st Cir. 2022) (affirming sentence at high end of guideline range where judge exercised discretion in weighing aggravating and mitigating factors); United States v. Greig, 717 F.3d 212, 223 (1st Cir. 2013) (explaining that "sentencing judges have discretion to consider a variety of information in fashioning a sentence").

340, 344-45 (no abuse of discretion where upward variance for possessing firearm in furtherance of drug-trafficking crime was based in part on possession of 125 rounds of ammunition and four magazines, two of which were high-capacity); United States v. Bruno-Campos, 978 F.3d 801, 804, 806 (1st Cir. 2020) (no plain error where upward variance for possessing a machinegun was based in part on possession of 89 rounds of ammunition and four magazines, two of which were high-capacity); United States v. Rivera-Santiago, 919 F.3d 82, 83, 85-86 (1st Cir. 2019) (no abuse of discretion where upward variance for unlawfully possessing firearm was based in part on possession of 127 rounds of ammunition and five magazines, two of which were high-capacity).

Rosario's case falls on the higher end of this spectrum, given both the quantity of the contraband and the offense of conviction, possessing a firearm in furtherance of a drug-trafficking crime. He constructively possessed 107 rounds of ammunition, four magazines (three of which were high-capacity), and another firearm for which he was not convicted. The district court did not err, plainly or otherwise, by finding these items differentiated Rosario's case from the garden-variety case of possessing a firearm in furtherance of a drug-trafficking crime.

### 2. Community Characteristics

A district court may consider community characteristics in imposing a sentence. "Community-based considerations are

inextricably intertwined with deterrence," and "the incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence." United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013). Rosario contends, however, that justifying the upward variance by comparing Puerto Rico's murder rate to murder rates in other jurisdictions in the First Circuit improperly led the district court to impute other crimes to Rosario.

The judge's comparison of murder rates was not a reversible error. We have cautioned that sentencing judges should not "focus too much on the community and too little on the individual." United States v. Polaco-Hance, 103 F.4th 95, 102 (1st Cir. 2024) (quoting Flores-Machicote, 706 F.3d at 24). The hallmark of sentencing is an individualized assessment of the considerations listed in 18 U.S.C. § 3553(a). See Gall v. United States, 552 U.S. 38, 49-50 (2007). While the need for deterrence is one factor listed in § 3553(a), it would be an error to justify an individual defendant's sentence based only on the need for general deterrence to the exclusion of other factors.

Here, though, the district court did not decide Rosario's sentence by evaluating only community characteristics. He considered them alongside other individualized factors — namely, the additional contraband that Rosario possessed. The district court discussed Puerto Rico's high murder

- 11 -

rate with an eye toward general deterrence, a permissible factor to weigh during sentencing. See 18 U.S.C. § 3553(a)(2)(B); United States v. Rivera-Gonzalez, 776 F.3d 45, 50-51 (1st Cir. 2015) (explaining that district court's consideration of community characteristics was not improper where it focused on deterrence and was considered alongside other individual factors). We find no error, let alone a plain error, in the district court's consideration of all these relevant factors.[3]

### 3. Constructive Possession

For the first time during oral argument on appeal, Rosario asserted that the district court erred in finding that he had constructive possession of the gun, drugs, and ammunition that Gines-Negron had thrown out the window. Rosario waived this argument by failing to include it in his opening brief. See United States v. Leoner-Aguirre, 939 F.3d 310, 319 (1st Cir. 2019) (challenge to jury instruction was waived where it was raised for first time during oral argument on appeal). We have excused such failures on occasion where it was necessary to avoid a miscarriage of justice. See United States v. Flores-González, 86 F.4th 399,

---

[3] Comparing Puerto Rico community characteristics against only other jurisdictions in the First Circuit may not offer the most insightful analysis in determining whether to impose an upward variance. The Sentencing Guidelines are based on nationwide statistics (which include Puerto Rico), so intra-circuit comparisons may not explain why a particular defendant should be punished more or less severely than suggested by the nationwide data factored into the Guidelines.

442 (1st Cir. 2023) (en banc) (opinion of Thompson, J.) (citing Sindi v. El-Moslimany, 896 F.3d 1, 30 (1st Cir. 2018) (excusing waiver where appellants challenged permanent injunction barring certain speech)). This is not such a case. Rosario's argument depends on factual findings that are unlikely to present themselves again in the same fact pattern. Rosario's argument also was not "highly convincing" when he offered it for the first time at oral argument. El-Moslimany, 896 F.3d at 28 (appellant's "highly convincing" argument was factor in excusing waiver). Though Rosario argued that the district court erred in finding that he had constructive possession of the contraband thrown out the window, his argument did not cite cases or otherwise explain why a miscarriage of justice would occur if we did not excuse his waiver. We decline to address the argument.

## B. Substantive Reasonableness

Rosario argues that the district court's total sentence 33 months above the guideline range was substantively unreasonable. In the district court, he argued for a shorter sentence than the one ultimately imposed. His argument adequately preserved his substantive reasonableness challenge for appeal, so we review for abuse of discretion. Holguin-Hernandez v. United States, 589 U.S. 169, 173-74 (2020).

When sentencing a convicted defendant, a court must weigh competing factors and impose a sentence that is "sufficient,

- 13 -

but not greater than necessary," to serve multiple, often-conflicting goals of sentencing. 18 U.S.C. § 3553(a). The mixture of goals and case-specific factors gives the process an unavoidable element of discretionary judgment. Reasonable judges can weigh the same goals and factors and reach a range of reasonable results. For this reason, we must keep in mind on appellate review that there is not just one reasonable sentence in a case but "a universe of reasonable sentencing outcomes." Ramirez-Ayala, 101 F.4th at 89 (quoting United States v. Colón-De Jesús, 85 F.4th 15, 26 (1st Cir. 2023)). We review a sentence to ensure it "falls within this broad universe." Id. (quoting United States v. Ortiz-Pérez, 30 F.4th 107, 113 (1st Cir. 2022)). If the sentence "rests on a 'plausible sentencing rationale' and embodies a 'defensible result,'" it will be found substantively reasonable. United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015) (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). The sentence in this case is substantively reasonable because it fulfills both requirements.

The district court gave sound and legally permissible reasons for imposing the above-guideline sentence here. The additional firearm, ammunition, and magazines that Rosario possessed distinguished his offense from the run-of-the-mill offense under 18 U.S.C. § 924(c) and the applicable guideline provisions and supported the upward variance. And the community

- 14 -

characteristics mentioned by the district court bolstered the reasoning behind the sentence.

We have upheld above-guideline sentences in similar cases where defendants possessed ammunition and magazines in addition to those for which they were convicted. Polaco-Hance, 103 F.4th at 104-06 (affirming 21-month upward variance for unlawful possession of machinegun where defendant possessed 111 rounds of ammunition and four extended magazines); United States v. Morales-Negrón, 974 F.3d 63, 65, 66-67 (1st Cir. 2020) (affirming 24-month upward variance for unlawful possession of machinegun where defendant possessed 57 rounds of ammunition and four magazines, including one high-capacity magazine); Díaz-Lugo, 963 F.3d at 157-58 (affirming 23-month upward variance for unlawful possession of machinegun where defendant possessed two machine guns and four extended magazines following previous felon-in-possession conviction). We do so for the same reasons here.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.