**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-1203

UNITED STATES OF AMERICA,

Appellee,

v.

LENY ENCARNACIÓN-BÁEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Montecalvo and Aframe, Circuit Judges.

Miguel A. Rodríguez-Robles on brief for appellant.
Maarja T. Luhtaru, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

September 13, 2024

**PER CURIAM**.  Defendant Leny Encarnación-Báez appeals from his sentence of 108 months of imprisonment for six drug-related crimes.  We affirm.

We draw the facts from the presentence report and the transcript of the defendant's sentencing hearing.  United States v. Fuentes-Moreno, 954 F.3d 383, 386 n.1 (1st Cir. 2020) (quoting United States v. Ubiles-Rosario, 867 F.3d 277, 280 n.2 (1st Cir. 2017)).  On August 27, 2020, the defendant and three other men were interdicted off the west coast of Puerto Rico by Puerto Rico law enforcement.  When the agents activated their emergency lights, the four men did not stop their vessel; instead, they began to throw overboard packages resembling those used for transporting drugs.  The officers detained the men and recovered nineteen packages containing, in total, approximately 500 kilograms of cocaine.

In September 2020, a grand jury indicted the defendant and his confederates with (1) conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, 21 U.S.C. §§ 841(a) and 846; (2) aiding and abetting each other's violation of 21 U.S.C. § 841(a), 18 U.S.C. §§ 2 and 841(a); (3) conspiracy to import five kilograms or more of a mixture or substance containing a detectable amount of cocaine, 21 U.S.C. §§ 952(a) and 963; (4) aiding and abetting each other's violation of 21 U.S.C. § 952(a), 18 U.S.C.

§ 2 and 21 U.S.C. § 952(a); (5) conspiracy to jettison narcotics subject to forfeiture under 21 U.S.C. § 881(a), 46 U.S.C. § 70503(a)(2); and (6) aiding and abetting each other's violation of 46 U.S.C. § 70503(a)(2), 18 U.S.C. § 2 and 46 U.S.C. § 70503(a)(2). In due course, the defendant pleaded guilty to all six counts.

At the defendant's sentencing hearing, defense counsel related that the defendant was raised in a poor family, worked since he was a child, and had no prior drug use or criminal history. In his allocution, the defendant added that he worked previously as a tour guide to support his family but encountered financial troubles because of the COVID-19 pandemic.

The parties agreed that the defendant met the requirements of the safety valve, 18 U.S.C. § 3553(f), rendering inapplicable the mandatory ten-year minimum sentence that otherwise applied for counts one through four. See 21 U.S.C. §§ 841(b)(1), 960(b). The defendant, no longer bound by the mandatory minimum sentence, requested that the district court impose an 87-month term of imprisonment. The government sought a sentence of 108 months' imprisonment. Both requests were below the 135 to 168-month advisory sentencing guidelines range.

Before imposing sentence, the district court stated that the presentence report "satisfactorily reflects the components of [the defendant's] offenses by considering their nature and

circumstances." The court further stated that it had "considered the other sentencing factors set forth in Title 18, United States Code Section 3553(a), the presentence investigation report, arguments by counsel and the prosecutor, and [the defendant's] allocution." The district court then sentenced the defendant to 108-month concurrent sentences on each count.

On appeal, the defendant contends that the district court committed procedural error when explaining the sentence by "not explicitly addressing some mitigating factors" that he had raised at the sentencing hearing, including "his background, the way he was raised, . . . the fact that he had to work since he was a child," and the fact that he was out of work at the time in question and had a family to support. Based on these alleged omissions, the defendant says that the court failed to give those factors adequate weight in the sentencing determination. The government responds that the defendant forfeited this sentencing argument by not raising it in the district court and waived it in this Court by not addressing the plain error factors in his brief. On the merits, the government says that the sentence imposed was procedurally and substantively reasonable.

We agree that the defendant failed to raise below the procedural challenge to his sentence that he pursues here and, therefore, that argument is forfeited. See United States v. Ríos-Rivera, 913 F.3d 38, 44 (1st Cir. 2019) (holding that

- 4 -

defendant, by failing to object below, "forfeited any possible procedural objection"). While we will consider forfeited arguments under a plain error standard, the defendant's brief does not "even attempt to map [his] argument onto plain error's four prongs." Universitas Educ., LLC v. Granderson, 98 F.4th 357, 373 (1st Cir. 2024) (citing Nat'l Fed'n of the Blind v. The Container Store, Inc., 904 F.3d 70, 86 (1st Cir. 2018)). Consequently, we again agree with the government that "in addition to forfeiting the argument below, [the defendant] has waived it on appeal." Id. (citing United States v. Colón-De Jesús, 85 F.4th 15, 25 (1st Cir. 2023)).[1]

In any event, even if the defendant had preserved his procedural claim, it would make no difference because there was no error, plain or otherwise. In explaining a sentence, district judges are not required to undertake "an express weighing of mitigating and aggravating factors" or "individually mention[]" each factor. United States v. Lozada-Aponte, 689 F.3d 791, 793

---

[1] The same is true for an additional argument that the defendant makes about the safety valve, 18 U.S.C. § 3553(f). He says on appeal that the district court, having found that he met the safety-valve requirements, nevertheless "failed to disregard the minimum mandatory sentence of 108 months." But even looking past the forfeiture and waiver, the argument is incorrect. The otherwise mandatory minimum sentence was 120 months, not 108 months. Thus, the defendant did receive the benefit of the safety valve. The defendant also makes a passing objection to an alleged increase to his base offense level that the record reflects did not occur.

(1st Cir. 2012) (citing United States v. Arango, 508 F.3d 34, 46 (1st Cir. 2007)).  And we have cautioned against "read[ing] too much into a district court's failure to respond explicitly to particular sentencing arguments."  United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011).

Here, the district court stated that it had considered the remarks by the defendant's counsel and the defendant's allocution, both of which described the mitigating factors at issue.  The court then imposed a below-guidelines sentence. "[A]ssay[ed] . . . as a whole," the record reflects that the mitigating factors identified by the defendant were not overlooked or ignored.  Id. at 592 (citing United States v. Stone, 575 F.3d 83, 91 (1st Cir. 2009) and United States v. DeCologero, 530 F.3d 36, 70 (1st Cir. 2008)).  The court simply did not give those factors as much weight as the defendant had hoped.  See United States v. Rodriguez-Monserrate, 22 F.4th 35, 41 (1st Cir. 2021) (citing Lozada-Aponte, 689 F.3d at 793).  That the district court did not share the defendant's "view of the salience" of the mitigating factors does not amount to procedural error.  United States v. Ruperto-Rivera, 16 F.4th 1, 6 (1st Cir. 2021).

To the extent the defendant contests the substantive reasonableness of the sentence based on its length, this claim is preserved based on the defendant arguing for a lower sentence than the district court imposed.  See United States v. Rand, 93 F.4th

571, 579 (1st Cir. 2024). We therefore review for abuse of discretion. Id.

On these facts, which involved significant cocaine smuggling, the defendant cannot show that his below-guidelines sentence was substantively unreasonable. See United States v. King, 741 F.3d 305, 310 (1st Cir. 2014) (citing United States v. Floyd, 740 F.3d 22, 39-40, (1st Cir. 2014)). The court afforded the defendant some leniency based on the mitigating factors presented, but, given the circumstances of the offense, the court was reasonable in imposing a 108-month sentence. There was no abuse of discretion.

**Affirmed**.